No. 21,175.

GROVER C. JAMES, as Receiver of the Joplin Trust Company, *Appellant*, v. R. E. WILLIAMS, *Appellee*, et al.

#### SYLLABUS BY THE COURT.

1. NOTE AND MORTGAGE—*Deed*—*Merger of Title in Mortgagee*—*Note Canceled*—*Mortgage Lien Kept Alive*. For the purpose of accomplishing an equitable result, a mortgage lien may be kept alive and enforced after the lien claimant has placed himself in a position which precludes him from resorting to the personal obligation of the mortgagor, or of any one else, for satisfaction of the debt.

2. SAME. The holder of a mortgage on real estate took a quitclaim deed of the premises, in lieu of his mortgage. The deed was made by a grantee of the mortgagor, who had not assumed payment of the debt. The mortgagee took possession under the deed, canceled the mortgagor's note, and surrendered it. The debt was not satisfied by any one, and the mortgage was not released. The mortgagee then discovered that the maker of the quitclaim deed had given a mortgage on the premises. This mortgage recited that it was subject to the other. The holder of the second mortgage sought to foreclose it as a first lien. *Held*, the principle stated in paragraph 1 applies, and the junior mortgagee's position was not bettered because the first mortgagee canceled and surrendered the note secured by his mortgage.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed January 12, 1918. Affirmed.

*E. B. Morgan,* of Galena, and *E. F. Cameron,* of Joplin, Mo., for the appellant.

*S. C. Westcott,* of Galena, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to foreclose a real-estate mortgage on property to which the defendant held a deed. The defendant asserted priority of a mortgage to himself, antedating the plaintiff's mortgage and the deed. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

In 1909 owners of the property mortgaged it to the defendant to secure payment of a note for $1,000. Through successive conveyances to grantees who did not assume the mortgage, title passed to Della A. Betz, subject to the mortgage.

In September, 1912, Della A. Betz and her husband made a quitclaim deed of the property to the defendant, in lieu of his mortgage. As a part of the same transaction the defendant gave the husband of Della A. Betz an option to repurchase within six months, for the amount of the mortgage and interest, plus such expenditures as the defendant might make in order to render the premises tenantable and a source of income. The defendant took possession under his deed, made necessary repairs, insured the property, rented it, collected the rents, and paid the taxes. The plaintiff then sued to foreclose a mortgage given by Della A. Betz and her husband before they deeded to the defendant. The defendant was ignorant of the existence of this mortgage, which recited that it was subject to his mortgage, until served with summons in the foreclosure suit. Interest on the note secured by the defendant's mortgage was paid to February, 1912. After receiving his deed the defendant marked the note paid and returned it to the makers, but did not cancel the mortgage. The debt was not satisfied by any one. The district court gave the defendant a first lien for the amount of his mortgage and interest, and for the balance remaining after deducting receipts from the property from expenditures upon it.

The plaintiff contends that the defendant by canceling his note and releasing the makers from personal liability, no one else being obligated to pay the debt, forfeited his right to a lien. It is said there can be no mortgage without a debt which is secured, and there can be no debt without a debtor who is obligated to pay. The cases decided by this court in which declarations of this character have been made are collated and urged as controlling. It is not necessary to review them. A former justice of this court was accustomed to say that the doctrine of estoppel applies when it ought to apply. So it is with the declarations referred to, and doubtless they were properly applied in the cases cited. They are not, however, of universal application, and equity has never so regarded them. For the purpose of accomplishing an equitable result, a mortgage lien may be kept alive and enforced after the lien claimant has placed himself in a position which precludes him from resorting to the personal obligation of the mortgagor or any one else for satisfaction of the debt.

It is not necessary to consume space by stating the familiar principles comprised in the doctrine of merger. In this instance the interest and the intention of the mortgagee that merger should not take place were unmistakable, and the ordinary rule governs:

"If a mortgagee purchases the equity of redemption and gives up the mortgage note, without intending this to operate as a payment, the mortgage not being discharged, there is no merger or extinguishment of the mortgage, as against an intervening title, as for instance, by levy, judgment, junior mortgage, or conveyance." (2 Jones on Mortgages, 7th ed., p. 397, § 871.)

Among other cases cited in support of this text is that of *Coburn v. Stephens et al.*, 137 Ind. 683. In that case the mortgagee took a quitclaim deed from the mortgagor, under an agreement to release the mortgagor from personal liability, the mortgage, however, to remain a lien on the premises. It was held that the mortgage remained superior to a mechanic's lien which attached before the quitclaim deed was delivered. Another case is that of *Brooks v. Rice*, 56 Cal. 428, in which the deed was taken under an agreement to surrender the notes and mortgages, which was done. The lien of the mortgages was preserved against an intervening mortgage. Another case is that of *Shattuck v. Bank*, 63 Kan. 443, 65 Pac. 643. In that case the mortgagee took from the mortgagor a quitclaim deed, under an agreement that the mortgagor should not be liable for any deficiency remaining after exhausting the security. A junior incumbrancer claimed priority. Authorities were cited to the effect that even when parties have undertaken to discharge a mortgage, it will be upheld as a lien when it is to the interest of the mortgagee to do so because of some intervening cause, and the decision was that the junior incumbrancer's position had not been bettered by release of the mortgagor from personal liability.

In one of the authorities cited in the Shattuck case the expression was that a released mortgage would be upheld "as a source of title." The plaintiff says such a doctrine can apply in those states only in which the common-law theory that a mortgage confers title prevails, and that in this state a mortgage is merely security. The phraseology employed was, indeed, derived from the common law, but the equitable doctrine

involved did not depend on phraseology, and was applied by this court as a part of the jurisprudence of this state, as it was by the courts of Indiana and California, where the common-law theory of mortgages is not recognized. All that is necessary in order to make the phraseology conform to the modern theory is to substitute the words "subsisting lien" for the words "source of title."

The doctrine has been spoken of as equitable. It is equitable, because a junior incumbrancer ought not, in conscience, to reap where he did not sow, to the detriment of another who was innocent of wrongdoing. The doctrine applies with special force to the plaintiff, whose mortgage recited that it was subject to the defendant's mortgage.

There may be some doubt about the right of the defendant to claim, in addition to his mortgage, a lien superior to the plaintiff's mortgage for net expenditures on the property. The findings do not clearly show that the expenditures were limited to protection and preservation of the property, inuring ultimately to the benefit of the junior incumbrancer. (*Lumber Co. v. Bowersock*, 100 Kan. 328, 334, 164 Pac. 156.) Perhaps as a practical matter the subject is not important, and for that reason the court's ruling respecting it was not assigned as error.

The judgment of the district court is affirmed.