## No. 10,143.

## STRYKER v. DUNN, ET AL.

Decided July 3, 1922.  Rehearing denied October 2, 1922.

Action to foreclose mortgage.  Judgment for defendants.

## *Reversed.*

1. DEED OF TRUST—*Foreclosure—Redemption.*  Statute relating to sales under trust deeds, and redemption therefrom, construed and applied.

*Error to the District Court of Kiowa County, Hon. Samuel D. Trimble, Judge.*

Mr. S. E. MARSHALL, for defendants in error.

Mr. W. B. MORGAN, Mr. JOHN F. MAIL, for plaintiff in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error failed in a suit to foreclose a mortgage and brings error.

The facts out of which this cause arose and which are necessary to be considered are as follows:  One Burns, owning the land involved in this suit, executed a trust deed upon it to secure an indebtedness to one Wright. He then conveyed the property to the plaintiff in error, Stryker, subject to the Wright encumbrance.  Stryker sold and conveyed the land to one Dunn, who executed a deed of trust to secure a balance of the purchase price due to Stryker.  Dunn thereafter executed a deed of

trust on the premises to secure an indebtedness to the Page and Woodford Livestock Commission Company subject to the two trust deeds above mentioned. Later, Hutchinson obtained a judgment against Dunn which was made a lien upon said premises. Default having been made in the payment of the Wright indebtedness, the land was sold by the public trustee, and purchased by Wright. Thereafter Page and Woodford redeemed the land from said sale, and Hutchison later redeemed from them by paying the amount of the combined debt of Wright and Page and Woodford. A sheriff's deed was issued to him. Thereupon plaintiff in error sought to foreclose his lien. The trial court overruled a demurrer to Hutchison's answer, which set up his redemption, as a bar to the action.

In the determination of this question we must construe the statute which provides for redemptions in cases of foreclosure by public trustee sale. Section 6867, *et seq.*, R. S., 1908. The grantor in a deed of trust, and subsequent encumbrancers, may redeem in six months after a sale by a trustee. A judgment creditor may redeem at any time after the expiration of six months, and before the expiration of nine months from such sale. The statute provides that the sum paid to redeem shall be added to the sum represented in the encumbrance, held by the person so redeeming, and shall be deemed to be secured thereby, etc.

Thus, an encumbrancer who redeems has made the sum paid in redemption, a part of his encumbrance. That is to say, a mortgage or a deed of trust for his benefit, will, after redemption, secure the total of his debt and the amount paid to redeem. There is nothing in the statute to show an intent to tack a redemptioner's debt to the debt from which he redeems, and thus move his lien forward. The encumbrance which is increased by the sum paid to redeem is affected only as to its amount, and not at all as to its rank.

The final paragraph of section 6868 provides that a redemption shall render void the sale and the certificate

issued thereon. In the absence of anything to indicate a contrary intent, it must be held that the subsequent liens, thus left in force, continue as before the sale.

Section 6866 directs the trustee making the sale to issue to the purchaser a certificate of sale on which the purchaser will be entitled to a deed unless the land is redeemed.

Section 6873 authorizes the issue of a deed after the period of redemption has expired. When a redemption has rendered the sale and certificate void, under the statute above cited, there is no provision whatever for a deed to the redemptioner, except that in section 6867, which provides that "the said holder of such subsequent encumbrance shall be entitled to a deed to said premises sold, the same as if he had been the original purchaser thereof."

This is clearly intended to cover the case of redemptioner as the other section covers the case of the holder of a certificate of purchase. It simply authorizes a deed, but in no sense determines the effect of such deed as the same concerns the order of lien.

The theory of the defendant in error is that the sale for the benefit of Wright foreclosed all interests, subject only to relief by redemption; that Stryker having failed to redeem, lost his lien when Page and Woodford redeemed. The sole question for determination is as to the correctness of that position. Were encumbrancers allowed different periods of redemption, and one failed to redeem, it would not be inequitable to allow a redemption by a subsequent encumbrancer to cut him out. But since there is but one period of redemption by encumbrancers, their rights may be determined in a race to redeem, if counsel's construction of the statute be accepted. If the junior encumbrancer succeeds in redeeming before his senior does so, the latter is cut off, or at least postponed to his junior in time and right. The junior has thus been placed in a better position than he voluntarily assumed when he took the land as security.

This construction by the statute would make the law

more drastic and inequitable than the much criticised rule of "tacking", where a mortgagee, by purchasing an earlier mortgage, was allowed to squeeze out intermediate mortgages or judgment liens, because that was allowed only when the later mortgagee took without notice of other encumbrancers. By preserving the order of liens as they originally stood, the defendant in error is put in no worse position than he was when he obtained his judgment.

If the trial court was right in holding that the answer was good, thus in effect cutting out the Stryker encumbrance, the statute gives the encumbrancers rights by which the order of liens may be changed, without any equitable ground therefor.

Counsel have discussed at some length the doctrine of subrogation, but we do not find it necessary to determine whether or not it is to be applied in this case.

The demurrer to the answer was wrongly overruled, for which reason the judgment is reversed.

MR. CHIEF JUSTICE SCOTT not participating.