No. 12,570.

BAILEY *v.* MERRITT ET AL.
(9 P. [2d] 485)

Decided March 7, 1932.

Mr. Oliver W. Toll, for plaintiff in error.

No appearance for defendants in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

Anna N. Merritt and Floyd W. Merritt, called herein the defendants, gave their promissory note for $1,800 to Coralee Bailey, called herein the plaintiff, and secured the same by deed of trust to the public trustee, conveying certain real property in Denver. They also were indebted to the plaintiff on account of certain advancements of money made by her, to secure which indebtedness they conveyed said real property to her by warranty deed. On July 26, 1929, the defendants having made default in the payment of the note and the other indebtedness, the plaintiff took steps to have the public trustee foreclose the deed of trust. On the same day she brought suit in the district court to recover judgment for the amount of the advancements made by her, to have the warranty deed decreed to be a mortgage to secure the payment thereof, and to foreclose the interests of the defendants in the property.

On September 13, 1929, the public trustee sold the property under the deed of trust. The plaintiff purchased the property at the sale, bidding therefor practically the entire amount of the indebtedness secured by the deed of trust. By assignment, James E. Wiseman thereafter became the owner of the certificate of sale issued to the plaintiff. It then became known that there were judgment creditors of the defendants. Considering the value of the property and the financial condition of the defendants to be such as to imperil her rights in case

one of the judgment creditors should redeem, the plaintiff, on February 17, 1930, redeemed as a subsequent encumbrancer, under C. L., sections 5053, 5054, and received a certificate of redemption. The court rendered judgment for the plaintiff for $3,985.92, the amount admitted to be due, and decreed that the warranty deed was a mortgage securing that amount. Over the objection of the plaintiff, the court decreed a foreclosure sale. The redemption by the plaintiff had occurred about ten days before the signing of the decree, and the court's attention was called to that fact; but the court held that there must be a foreclosure and that the defendants should have the right to redeem within the statutory period after the sale.

The question for our consideration is this: Under the law as it then existed, what were the rights of a subsequent encumbrancer who had redeemed from a public trustee's foreclosure sale? As the foreclosure proceedings under the deed of trust were commenced before the act of 1929 took effect, that act does not apply. S. L. 1929, p. 543, §11.

Section 5053, Compiled Laws, relating to redemption from a public trustee's foreclosure sale, provides: ''The holder of any subsequent encumbrance desiring to redeem any lands and tenements sold under the provisions of this act may' pay to the trustee selling the same the amount necessary to so redeem and the said trustee shall issue his certificate of redemption therefor. The sum so paid shall be added to the sum represented in the subsequent encumbrance held by the person so redeeming and shall be deemed to be secured thereby, and shall bear interest at the rate of eight per cent per annum. * * * If the grantor, his heirs, executors, administrators or assigns, or any judgment creditor fails to redeem the same as provided in this act, the said holder of such subsequent encumbrance shall be entitled to a deed to said premises sold, the same as if he had been the original purchaser thereof.'' Section 5054, Id., provides: ''It

shall be lawful for any * * * subsequent encumbrancers * * * within six months from such sale to redeem said lands and tenements by paying to the trustee * * * for the benefit of such purchaser, the sum of money which may have been paid on the purchase thereof, together with interest thereon at the rate of eight per cent per annum from the time of such sale, and on being paid such sum as aforesaid, the trustee shall issue a certificate of redemption to the party so redeeming the same and the said sale and the certificate thereupon granted shall become null and void.''

If the redeeming subsequent encumbrancer's rights are the same as though the certificate of sale had been assigned to him, the trustee's deed to him would cut out all intervening encumbrances, if any, and the redeeming encumbrancer would have, not only the land, but a right to collect the full amount due him. But section 5054, supra, declares that upon such redemption the sale and the certificate thereupon granted shall be null and void; and in *Stryker v. Dunn,* 72 Colo. 45, 209 Pac. 644, 26 A. L. R. 433, we held that an intervening mortgage is not thus cut out. So it seems that the situation is not the same as though the redeeming encumbrancer had acquired the certificate of sale by assignment. If a redemption by a subsequent encumbrancer has the same effect as a redemption by the grantor in the deed of trust, the property would be freed from the deed of trust, the second encumbrance would become a first encumbrance, and, in order to get title to the property, the holder thereof would have to foreclose, purchase at the sale and receive a foreclosure deed. But section 5053, supra, declares that in case the grantor, etc., should fail to redeem, the subsequent encumbrancer who has redeemed shall be entitled to a deed. This negatives the idea that the plaintiff herein must proceed to a foreclosure of her mortgage.

The trustee's deed, when issued to the redeeming subsequent encumbrancer, would entitle him to possession;

342

it would not, however, in all cases, cancel the debt due him. The property may be worth more than the amount secured by the first encumbrance and less than the total amount secured by both encumbrances. That is said to be true in this case. What, then, becomes of the debt? The statute does not answer the question. We resort to analogy for aid in seeking a solution. The situation is similar to that arising in jurisdictions permitting strict foreclosure. There, in the absence of statutory provisions to the contrary, upon default, the conditional title conveyed by the mortgage becomes absolute, and the mortgage is foreclosed by entry and possession. The debt due the mortgagee is deemed to be satisfied only to the extent of the value of the property. 3 Jones on Mortgages (8th Ed.), §§1212, 1215, 1627, 1998. If the parties have not agreed upon the value, the court determines it in a proper proceeding, and the amount so ascertained is credited upon the debt. A similar practice should be followed in the present case. It is just and fair and fully protects the interests of all.

■ As the plaintiff had redeemed under the statute, no foreclosure of her mortgage was necessary, or even proper. Plaintiff's counsel insisted that plaintiff did not want a foreclosure, but only judgment for the amount due and an adjudication that her warranty deed was a mortgage. She was entitled to this. The court erred in inserting the foreclosure provision in the decree over the plaintiff's objection.

■ The time for further redemption from the trustee's sale expired on June 13, 1930. If there was such redemption, the plaintiff, of course, received the amount she had paid to redeem, plus the amount due her under her mortgage. If there was no such redemption, she no doubt received a deed, in which event she was entitled to possession, and the court should determine, at a hearing for that purpose, the value of the property, and there should be credited upon the amount due to the plaintiff the value of the property, less the amount that had been

paid by the plaintiff to redeem. *Sprague v. Martin,* 29 Minn. 226, 13 N. W. 34.

Upon the commencement of the suit the plaintiff applied for the appointment of a receiver; but the parties, immediately thereafter, entered into a sitpulation to the effect that until the expiration of the period of redemption the defendants should be entitled to possession on certain terms. The court, as we have said, held that there must be a foreclosure of the plaintiff's mortgage, and also held that the defendants were entitled to possession until the expiration of nine months from the date of the foreclosure sale. That is inconsistent with the law as stated in this opinion.

The judgment is reversed, and the cause is remanded for further proceedings in harmony with the views herein expressed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.