No. 13,033.

GOLDBLATT *v.* CANNON, EXECUTOR.
(37 P. [2d] 524)

Decided March 5, 1934.   Rehearing denied May 7, 1934.

Mr. LOUIS A. HELLERSTEIN, for plaintiff in error.

Mr. HUDSON MOORE, Mr. DAYTON DENIOUS, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

WE will refer to the parties on this review as plaintiff and defendants, as they appeared in the trial court.

Plaintiff, as the executor of the estate of George McCarroll, deceased, brought this action against Simon Spiegleman, M. H. Spiegleman and Moses L. Goldblatt to recover judgment on two due and unpaid promissory notes. His complaint, in two causes of action, alleges that he was the lawful holder and owner of the notes; that they, together with interest coupons, were executed by defendants June 8, 1927, payable to the order of one Haines and in the amounts of $12,500 and $2,500 respectively, the larger note being due three years from date, and the other eighteen months after date. Both notes provided for attorney's fees and costs of collection.

Defendant Goldblatt, who alone brings error, filed separate answer, admitting execution of notes with the other defendants, and alleging that they, as owners of lots 29 and 30, block 14, Schinner's Addition to Denver, secured said notes by deed of trust on said property; alleging further, that defendants sold the property to one Gantz, who assumed and agreed to pay the indebtedness secured by said deed of trust; that the holder of the deed of trust accepted Gantz as purchaser and thereby released the defendant; that defendant took Gantz to McCarroll, since deceased, who agreed as consideration for consummating the sale, to release this defendant from liability on the note, and plaintiff is thereby estopped from prosecuting this action; that thereafter, when trust deed was in default, the time of payment was extended and the default waived, and for that reason, this defendant is released; that the property was again sold and the purchaser as holder of the deed of trust again accepted, and time of payment was again extended; that about September, 1930, McCarroll requested and procured a conveyance, for valuable considerations, of said property to a grantee designated by him; that then, having the fee title and mortgage, there was a merger and the indebtedness was thereby fully paid; that

this defendant became a guarantee only for payment of the note, and that no action could be maintained against him until plaintiff foreclosed on said property and exhausted his remedy against the grantee who assumed and agreed to pay.

After reply, and on September 18, 1931, evidence was produced by both parties, to a jury. Plaintiff moved for a directed verdict. His motion was sustained and the jury was directed to sign a verdict for plaintiff for $18,148.30. Judgment was subsequently entered on the verdict.

In substance the facts are, that on June 8, 1927, this defendant, with other defendants, executed the notes and deed of trust to Charles H. Haines, who was in the employ of Wilbur F. Denious, the attorney and agent for McCarroll, the deceased. The application for the loan was made to Denious. The property subsequently twice changed hands, each new grantee assuming and agreeing to pay the encumbrance, and actually paying interest to Mr. Denious. While the title was never in his name, the last real owner, known to all parties interested as such, was Otto Frederichs, who carried title in the name of Sherman, his father-in-law. The trust deed was in default for nonpayment of interest. Frederichs offered to execute, and Denious agreed that he might bring him, a deed to the property. Frederichs presented a deed from Sherman to Moore, an attorney associated with Denious. This was not accepted, but Frederichs was then requested to and did get a deed with the name of grantee omitted. Frederichs then made a settlement with Denious, turning over to him the deed, a lease on part of the rented property and some cash. Frederichs says this was all in consideration for the cancellation of the notes and trust deed, but that he just took Denious' word for it. Denious admitted that he accepted the deed, lease and cash, but denied accepting same as consideration for a cancellation of the notes and trust deed. He also admitted that at his instance the name of Arthur Trace was

inserted as grantee. Trace is in the employ of the Newcomb Realty Company, and has, since the latter transaction, had complete charge of and control over said premises, collecting rentals and accounting to Mr. Denious.

Denious testified that he handled the matter in the way above described, especially to prevent a later claim of merger of indebtedness and title in his client and principal. This defendant now contends that in fact there was such a merger, and that there being a conflict in the evidence on that point, it should have been submitted to the jury. In addition defendant further urges that there was sufficient evidence of an agreement to cancel the note and trust deed at the time Frederichs delivered the deed, lease and cash to Denious, to have been submitted to the jury, and that the evidence shows an extension of the smaller note without his consent.

The court found as a matter of law that there was no disputed facts to present to the jury.

The real question is: Was there evidence on the question of the intention of the parties in the handling of this entire matter, that should have been submitted to the jury, for their determination of whether there was, or was not a merger? The court will look to the circumstances of the case to ascertain the intention.

It is clear from the evidence that Denious inspected the property, approved the loan and made it. For convenience, it was not made in the name of the real party in interest. The principal was not disclosed. Denious kept all papers in connection with the transaction for about three years. After default of Frederichs, the last real owner (who was likewise carrying the title in the name of a total stranger to it), Denious agreed that he might bring him a deed to the property, but directed that the name of the grantee therein be left blank. He accepted such a deed and directed whose name should be inserted. He kept and exercised control over the property even to the extent of being able to make a tender of a deed to the defendants at the time of the trial. It is

apparent that Trace, the used grantee, was subject to his control and directions. When Denious accepted from Frederichs a quitclaim deed for the equity in the property with the grantee clause blank, there was no real intermediate estate, and no intervening encumbrance or equity. If he assumed to deal with the estate as owner, it proved a merger. His acts in this matter were the acts of his principal. There was a labored attempt to avoid documentary merger, but it did not defeat the actual fact. The right or equity of redemption was extinguished just as effectually as if there had been a foreclosure.

In addition, there is disputed evidence that it was the agreement between Frederichs and Denious that on delivery of the deed, the notes and trust deed were to be cancelled. There is also evidence that Denious did not want the other defendants to know that he had received a deed in the manner herein stated.

██ The jury should have been allowed to determine from the facts and circumstances of the case whether by the acts of McCarroll, in not in any way interfering with Denious, there was an implied authority by acquiescence, such as would bind him. He was bound if he allowed others to believe that Denious' authority was greater than actually existed. *Sigel-Campion Co. v. Ardohain*, 71 Colo. 410, 207 Pac. 82.

██ In law a merger always takes place when a greater estate and a less coincide and meet in one and the same person, in one and the same right, without any intermediate estate, unless a contrary intent appears. The question is upon the intention, actual or presumed, of the person in whom the interests are thus united. The intention is a question of fact, to be tried and determined in the same manner as are other issues. The intention is the controlling consideration, where it has been made known, or can be inferred from the acts and conduct of the parties. 2 Jones on Mortgages (8th Ed.), p. 508, §1080; 41 C. J., p. 688, §709, p. 775, §869.

The court was in error in directing a verdict in this case and its judgment is reversed and remanded for proceedings in harmony with the views herein expressed.

MR. JUSTICE BOUCK dissents.