No. 13,200.

INTERNATIONAL TRUST COMPANY, EXECUTOR *v.* RODEWALD.
(43 P. [2d] 1003)

Decided March 18, 1935.   Rehearing denied April 22, 1935.

Mr. ALBERT L. VOGL, Mr. FRANK A. WACHOB, for plaintiff in error.

Mr. A. L. DOUD, Mr. BENJAMIN GRIFFITH, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court. We refer to them as the Trust Company and

Rodewald, respectively. Catherine King is referred to as Mrs. King and her deceased husband as King.

This was a suit on a promissory note and the question presented is the validity of the defenses thereto. King loaned Rodewald $1,500, which was secured by trust deed. On King's death Mrs. King became owner of the note. She thereafter loaned Rodewald $3,000 additional, taking a second trust deed on the same property. She died and the Trust Company, as executor, foreclosed the second trust deed. Meanwhile the property had been sold for taxes. The Trust Company bid it in for $3,139.20, the full amount of the debt, and took a deed. In addition thereto it redeemed from the tax sale. Thereafter it brought this suit on the first note, ignoring the security. The answer alleged, inter alia, that the value of the property was at all times "greatly in excess of the amount of said notes and all interest thereon." Rodewald's position was that under the facts the first note and trust deed had been extinguished. Trial was to the court, which found that at the time of the sale the property was subject to approximately $400 in taxes; that it was of the reasonable value of $3,500; that the amount due on the first note was $1,730; that by failing to give notice that the property was sold subject to the first trust deed and bidding it in for the amount of the second, the Trust Company took subject to the first, which was accordingly extinguished by merger; and entered judgment accordingly. To review that judgment the Trust Company prosecutes this writ.

The Trust Company's eleven assignments amount to this: (1) When one owns two notes, secured by first and second trust deeds on the same property, and forecloses on the second, the first not being then due (which was the case here) and buys at the sale, no merger results where no merger was intended; (2) under such facts the holder may waive the first security and sue on the note.

Here it is clear that no merger was in fact intended, and it should be observed that if the debt represented by

the note in suit is paid it is only by a legal fiction. Rodewald obtained the money and he still has it.

■■ 1. Mergers are presumed when equity demands, otherwise not. 2 Pomeroy's Equity Jurisprudence sec. 791; *Chase v. Van Meter,* 140 Ind. 321, 39 N. E. 455. In the instant case if the Trust Company intended, or voluntarily permitted, a merger, it thus waived a debt due the estate, and in so doing violated its duty as executor. Courts will not unnecessarily presume such violation. If the property, instead of being worth barely the amount of the second debt, had been of a value equal to both, justice would demand, and equity presume, a merger. *Biggins v. Brockman,* 63 Ill. 316. In a similar case we held the second debt (here the first trust deed) satisfied only to the extent of the value of the property, because "it is just and fair and fully protects the interests of all." *Bailey v. Merritt,* 90 Colo. 338, 9 P. (2d) 485. It seems clear to us there was no merger.

■■ 2. That the Trust Company might ignore its first trust deed and sue on the note is so free from doubt as scarcely to justify discussion. First, because any proceeding againt the property, if such were possible, would not produce a penny. The estate had already bought it for more than its value, and the only outstanding interest, if any, was a worthless right of redemption. The law never requires a useless thing nor relegates a creditor to an idle gesture. Second, the right to waive the security and sue on the note, even when the security has substance, is well established. *Folda Real Estate Co. v. Jacobsen,* 75 Colo. 16, 223 Pac. 748. *Greene v. Wilson,* 90 Colo. 562, 11 P. (2d) 225.

■ Various decisions in other jurisdictions, relied upon by counsel for Rodewald, need not be examined, since our own fully settle the essential points.

The judgment is reversed and the cause remanded with directions to enter judgment for the Trust Company.

Mr. Chief Justice Butler and Mr. Justice Holland concur.