No. 13,982.

Estep et al. *v.* Croll.

(.. P. [2d] ..)

Decided May 3, 1937.

Messrs. Langdon & Barbrick, for plaintiffs in error.

Messrs. Phelps & Gobin, for defendant in error.

*In Department.*

Mr. Chief Justice Burke delivered the opinion of the court.

These parties appear here in the same order as in the trial court and are hereinafter referred to as there, or by name.

This was a suit to enjoin foreclosure of a deed of trust to the Rye ranch on the ground of contract to the contrary. The defense was that the contract was void for fraud. Trial was to the court and judgment for defendant on the ground pleaded. To review that judgment plaintiffs prosecute this writ. Of the seventeen assignments but two are argued and to these we confine our examination. (1) The court erred in holding a deed void because of the unauthorized change in the name of the grantee; (2) the court erred in overruling motions to strike a cross complaint.

 Croll owned the ranch and sold it to one Rusler, taking the deed of trust in question for $4,765 unpaid purchase price. Rusler sold to the Ferns, subject to the encumbrance. The Ferns reconveyed to Croll, subject to the same. Croll then conveyed to plaintiffs, still subject to the encumbrance. This last was a portion of a deal involving other property. Plaintiffs contracted to convey to Croll 1,802 acres of deeded land, certain relinquishments, mining claims, and personal property, and to pay taxes. It was further stipulated that in case of trouble concerning back payments on a government loan the contract should be held void. Plaintiffs' deed to defendant fell short by 800 acres. They did not own, and failed to

deliver, most of the personal property. They did not pay taxes, and the government started suit to foreclose for nonpayment of its loan. They held a portion of the real estate deeded to defendant under transfer from one Glaze, who brought suit to set it aside. The deed they furnished defendant to the Glaze property had originally been executed by Glaze to George W. Estep who caused his own name to be erased and the name of defendant written in, without the knowledge or consent of either. So much of the foregoing statement of facts, material to the judgment, as is not admitted or clearly established, was found by the court on conflicting evidence, which finding must stand.

Decree was entered setting aside the contract between plaintiffs and defendant, cancelling defendant's deed to plaintiffs and directing defendant to reconvey to Glaze.

1. The court's ruling as to the alteration of the Glaze deed was correct. *Valley State Bank v. Dean,* 97 Colo. 151, 47 P. (2d) 924.

2. The cross complaint set forth defendant's alleged dealings with George W. Estep (husband of the other plaintiff) in relation to the Glaze property, set out verbatim the contract between them, the change in the name of the grantee in the Glaze deed, and numerous other facts intricately interwoven with the allegations of the complaint. George W. Estep was not originally a party but was made such on defendant's motion. If any doubt remained as to the propriety of this cross complaint his answer thereto disposed of it. The ruling thereon was correct. §§62, 63, Civil Code, c. 4, pp. 125, 134, vol. 1, '35 C. L. A. (p. 113, C. L. 1921). Denison, Code Pleading, p. 594, §819.

While the question of merger, arising on reconveyance by the Ferns to Croll, is not argued, we simply note that, after defendant's transfer to plaintiffs, George W. Estep acknowledged the existence of the encumbrance and its purpose. 41 C. J., p. 776, §872; *International Trust Co. v. Rodewald,* 96 Colo. 358, 43 P. (2d) 1003.

It is perfectly apparent from the record before us that the transactions disclosed were intricate and complicated, that they had not been, and could not be, consummated as contemplated by the parties because of the misrepresentations and defaults of plaintiffs, that equity required a return to the status quo, and that this was accomplished by the court's decree.

The judgment is accordingly affirmed.

MR. JUSTICE KNOUS and MR. JUSTICE HOLLAND concur.