**COLORADO NATIONAL BANK–EXCHANGE, f/k/a The Exchange Bank of Colorado Springs, Trustee for the Former Shareholders of Canon Chemical Co., Plaintiff–Appellant,**

v.

**Fred W. HAMMAR, Canon City Colorado Investments, a California Partnership, Parcel 17 Partnership, a California Partnership, and Fremont National Bank of Canon City, Defendants–Appellees.**

No. 86CA0433.

Colorado Court of Appeals, Div. I.

April 28, 1988.

Rehearing Denied May 19, 1988.

Certiorari Denied Nov. 14, 1988.

---

**6.** *See supra* note 2.

Willaim Gobin Fox, Canon City, for plaintiff-appellant.

Larry Dean Allen, Canon City, for defendants-appellees Fred W. Hammar, Canon City Colorado Investments and Parcel 17 Partnership.

McDermott, Kiehnhoff & Meconi, Rocco F. Meconi, Canon City, for defendant-appellee Fremont Nat. Bank of Canon City.

TURSI, Judge.

Plaintiff, Colorado National Bank Exchange, appeals the summary judgment entered quieting title to a parcel of land in favor of defendant, Fred W. Hammar. It asserts the trial court erred: (1) by applying the doctrine of merger to extinguish its deed of trust on parcel 17, and (2) in determining that it did not have an equitable deed of trust on the property. We affirm.

Plaintiff owned real property in Fremont County, which included certain parcels numbered 1 through 17 and an additional 800 acres. Plaintiff sold all this property to Glenn Miller. Miller executed a promissory note in the amount of $1,785,000. This note was secured by a deed of trust (Miller deed of trust) in which plaintiff was the beneficiary.

Miller soon defaulted and plaintiff began foreclosure proceedings on the Miller deed of trust. However, Miller brought in Hammar, an investor, to stop the foreclosure. Toward that end, plaintiff executed two contemporaneous agreements, one with Miller and one with Hammar.

In the Miller agreement, plaintiff agreed to stop foreclosure proceedings on the Miller deed of trust and to credit Miller's promissory note in the amount of $715,107 if Miller would convey parcels 1 through 17 back to it. It was understood that Miller would continue to own the remaining 800 acres and that plaintiff would continue to be secured by the Miller deed of trust.

In the Hammar agreement, plaintiff agreed to sell and did convey parcels 1 through 17 to Hammar for the purchase price of $1,100,130. As part of the agreement, Hammar executed 17 separate promissory notes and 17 separate deeds of trust, each covering a single parcel. The Hammar agreement provided:

"Parcel 17, the sulpha soil tract, shall not be released from the Buyer's deed of trust until Seller has received the total amount of $500,000 toward the principal balance of Buyers notes and deeds of trust on the 17 parcels."

The separate deed of trust for parcel 17, however, states that it is secured by a particular note in the amount of $42,852.

The land sale was executed in accordance with these agreements. Pursuant thereto, plaintiff executed a partial release of deed of trust which released parcels 1 through 16 from the Miller deed of trust. The record does not reveal why plaintiff never released parcel 17 from the Miller deed of trust.

Miller again defaulted on his note and plaintiff began foreclosure proceedings on the Miller deed of trust. In October 1982, plaintiff received a public trustee's deed which included parcel 17.

In 1983, Hammar defaulted on some of his notes and plaintiff began foreclosure on most of the deeds of trust on the parcels, including parcel 17. At the foreclosure sale of parcel 17, plaintiff bid the principal amount due on the note, $19,480. Hammar redeemed parcel 17. In total, Hammar paid $19,480 to redeem that parcel and approximately $239,000 in principal and interest payments on all the parcels.

Plaintiff brought this action under C.R.C. P. 105, seeking to quiet title in parcel 17. Canon City Colorado Investments, Parcel 17 Partnership, and Fremont National Bank were included as defendants because each had recorded a quitclaim deed or deed of trust on the parcel. It claimed that it held legal title to parcel 17 by virtue of the public trustee deed issued on its foreclosure of the Miller deed of trust and, in the alternative, that it had an equitable lien on parcel 17 by virtue of the Hammar agreement, which provided that Hammar was not entitled to release of parcel 17 unless he had paid $500,000.

Plaintiff and all defendants, except Fremont National Bank, moved for summary judgment. They stipulated that there were no facts in dispute and submitted the case to the trial court based on the documents effecting the transfer of the property. Af-

ter a hearing on the motions, the trial court entered an order quieting title in Hammar, subject to the first deed of trust to First National Bank, and the second deed of trust to the Fremont National Bank.

I

Plaintiff asserts it had legal title to parcel 17 by virtue of the public trustee's deed it received pursuant to foreclosure of the Miller deed of trust because its deed of trust encumbering the parcel did not merge when it received title to the parcel. We disagree.

■ A merger always takes place when a greater estate and a lesser estate coincide in the possession of the same person, unless a contrary intent appears. *Goldblatt v. Cannon*, 95 Colo. 419, 37 P.2d 524 (1934). If the beneficiary of a deed of trust intends a merger when it acquires title to the property, the debt due on that property is waived. *International Trust Co. v. Rodewald*, 96 Colo. 358, 43 P.2d 1003 (1935).

Here, plaintiff maintains that the Miller agreement and the Hammar agreement expressly indicated it was intended that the deed of trust remain viable. However, the trial court interpreted those agreements as showing that a merger of title was intended and extinguished the deed of trust on parcel 17.

■ If the evidence of an agreement consists of documents, determination of their effect is a matter of law. *Radiology Professional Corp. v. Trinidad Area Health Ass'n*, 195 Colo. 253, 577 P.2d 748 (1978). Since the agreement between the parties was contained in several documents, we must construe those documents together as though they comprise a single document. *Chambliss/Jenkins Associates v. Forster*, 650 P.2d 1315 (Colo.App.1982).

■ We agree with the trial court's interpretation. The Miller agreement provided that the plaintiff repossessed parcels 1 through 17 in lieu of foreclosure. In addition, the Hammar agreement stated that plaintiff would transfer parcels 1 through 17 to Hammar free and clear of all liens and encumbrances, except for listed items which did not include the Miller deed of

trust. Therefore, the documents show it was the intent of the parties to extinguish the Miller deed of trust on parcel 17. Consequently, the plaintiff did not acquire legal title to the parcel in the foreclosure of the Miller deed.

## II

The plaintiff also maintains that since the Hammar agreement provided that parcel 17 would not be released from its deed of trust until plaintiff had received $500,000 toward the principal balance of the notes on all 17 parcels, it was entitled to an equitable lien on parcel 17. We disagree.

It is undisputed that Hammar did not fulfill this condition of the Hammar agreement. However, the trial court determined that the plaintiff made an election of remedies when it foreclosed on the separate and individual deeds of trust and thereby surrendered the remedy contained in the Hammar agreement.

We agree with the trial court. The doctrine of election of remedies is invoked where the remedial rights sought in a given situation are so inconsistent that the assertion of one necessarily repudiates the assertion of the other. *Stewart v. Blanning,* 677 P.2d 1382 (Colo.App.1984).

Here, plaintiff chose to proceed by public trustee foreclosure on the individual parcels on which Hammar was in default. The public trustee was required to sell each parcel separately pursuant to the individual deeds of trust. Section 38–37–113, C.R.S. (1987 Cum.Supp.). Therefore, plaintiff may not assert that parcel 17 cannot be released because of a contractual condition, not contained within the deeds, to pay an aggregate amount on all 17 parcels.

Our determination of these issues makes it unnecessary for us to address the plaintiff's remaining contention.

JUDGMENT AFFIRMED.

PIERCE and CRISWELL, JJ., concur.