Opinion by
 

 Judge MARQUEZ.
 

 Defendant, Colorado National Bank, appeals from an adverse summary judgment which ruled that plaintiff, Federal Land Bank (Land Bank), held a first lien on a certain tract of real estate. We affirm.
 

 The material facts are not in dispute. Weisbart & Weisbart, Inc., was the owner of certain real property located in Conejos County, Colorado, known as the Alamosa Ranch. In November of 1978, Weisbart obtained a $2,350,000 loan from the Land Bank. In exchange, Weisbart gave the Land Bank both a promissory note and a mortgage on the ranch to secure repayment of the obligation. The mortgage was recorded in Conejos County on December 1, 1978.
 

 In December of 1986, Colorado National obtained a judgment against Weisbart for $160,651, and thereafter recorded, in Cone-jos County, transcripts of the docket entry of the judgment. A judgment lien in Colorado National’s favor was thereby created.
 
 See
 
 § 13-52-102(1), C.R.S. (1987 Repl.Vol. 6A).
 

 On January 27, 1987, approximately two weeks after Colorado National's judgment lien attached to the ranch, Weisbart executed a deed to the Land Bank in lieu of foreclosure. This deed was recorded in Conejos County on February 3, 1987.
 

 Subsequently, on July 8, 1987, the Land Bank filed a complaint to foreclose on the property and sought,
 
 inter alia,
 
 a determination that Colorado National be barred from claiming any interest in the property. By way of answer, Colorado National asserted payment, satisfaction, release, and merger of the Land Bank’s interest.
 

 Both parties sought summary judgment and each submitted documentary evidence in support of its position. The trial court granted Land Bank’s motion for summary judgment and ordered that it held a first lien on the property which did not merge when it later acquired the property. The court found the controlling factor was the intent of the party in whom the title unites and that, in this case, the Land Bank did not intend for there to be a merger or extinguishment of its prior lien. The court further ruled that even if the intent was unclear, as a matter of law, it should be presumed the parties did not intend a merger since that would be against the Land Bank’s self-interest. This appeal followed.
 

 I.
 

 Colorado National first asserts that the Land Bank’s lien merged into its interest as fee owner, thereby extinguishing the mortgage and precluding foreclosure. We disagree.
 

 A merger takes place when a greater estate and lesser estate coincide in possession of the same person, unless a contrary intent appears.
 
 Colorado National Bank-Exchange v. Hammar,
 
 764 P.2d 359 (Colo.App.1988). However, mergers are presumed only when equity demands.
 
 International Trust Co. v. Rodewald,
 
 96 Colo. 358, 43 P.2d 1003 (1935).
 

 In this case, it is the intention of the Land Bank, actual or presumed, which controls our consideration of whether a merger was effectuated.
 
 See Goldblatt v. Cannon,
 
 95 Colo. 419, 37 P.2d 524 (1934). While generally, the intention of the party in whom title unites is a question of fact,
 
 *516
 

 Goldblatt, supra,
 
 if the evidence consists of documents, determination of their effect is a matter of law.
 
 Hammar, supra.
 

 Weisbart’s deed to the Land Bank expressly states that: “There will be no merger of the security document for [the] loan into this conveyance.” Substantially similar language appears in the correspondence between the Land Bank and Weis-bart. That correspondence also states that within six months
 
 after
 
 the deed from Weisbart is recorded, the Land Bank
 
 mil
 
 release its mortgage. Such an expression that-the mortgage will be released in the future, evidences that the Land Bank’s intent was to retain the mortgage until it later granted that release. Therefore, the documents show it was the intent of the Land Bank that its mortgage would not merge into the fee it acquired from Weis-bart.
 
 Cf. Hammar, supra.
 

 Further, we presume that its intent is in accord with what appears to be in its best interest.
 
 See Vaughn v. Comet Consolidated Mining Co.,
 
 21 Colo. 54, 39 P. 422 (1895). And, since its best interest requires the mortgage lien to be kept alive, its intention to do so will be inferred.
 
 See Sellers v. Floyd,
 
 24 Colo. 484, 52 P. 674 (1898). Accordingly, no merger was effected by plaintiffs acceptance of the deed in lieu of foreclosure.
 

 II.
 

 Colorado National also maintains that the underlying debt was extinguished by payment, satisfaction, or release, and that, therefore, the Land Bank’s mortgage lien no longer has a debt to support it. We disagree.
 

 The debt and the liability of the mortgagor for that debt are two distinct things.
 
 Korb v. Minneapolis Threshing Machine Co.,
 
 133 Kan. 783, 3 P.2d 502 (1931).
 
 In the absence of a controlling equity calling for some qualification,
 
 when the promissory note is paid or when the
 
 indebtedness
 
 represented by that note is released, there can be no valid sale under a mortgage securing the debt.
 
 Coler v. Barth,
 
 24 Colo. 31, 48 P. 656 (1897).
 

 A mortgage lien is not discharged if it is the intention of the parties merely to release the mortgagor's personal liability for it and not to extinguish the debt.
 
 Korb, supra.
 
 Again, since the evidence in this case consists of documents, we can determine the effect of those documents and accordingly determine whether the Land Bank extinguished the debt totally, hence discharging its mortgage lien, or whether instead it merely released Weisbart from personal liability.
 
 See Hammar, supra.
 

 Although the January 27, 1987, correspondence states that Land Bank “will cancel [the] Promissory Note,” it also expressly declares that the Land Bank will “release [Weisbart] from all personal liability.” This language is followed by both the Land Bank’s promise to release the mortgage in the future as well as the “no merger” clause. And, while the deed states that part of the consideration for it “is the full retirement and cancellation” of the promissory note, in light of the fact that the deed also expresses that “no merger” shall occur, construing the documents as a whole, we conclude that their effect was to release Weisbart only from personal liability. As such, the Land Bank’s mortgage lien was not discharged.
 
 See Korb, supra; James v. Williams,
 
 102 Kan. 231, 169 P. 1163 (1918).
 

 The trial court found that equity would not permit “merger” in this case since it felt that Colorado National should not be permitted to profit because of luck and happenstance. Implicit within this finding is that, under the circumstances of this case, equity also dictates that the Land Bank’s lien be retained.
 
 See Coler v. Barth, supra; James v. Williams, supra.
 

 Our review of the court’s equitable ruling is limited, and we will not disturb it unless it is unsupported by the evidence or is demonstrably capricious.
 
 Sack v. Feinman,
 
 489 Pa. 152, 413 A.2d 1059 (1980). Colorado National has not shown how the court’s equitable ruling is capricious, and we conclude that it was not. By keeping the Land Bank’s mortgage lien alive, the court places Colorado National in
 
 *517
 
 the same position it expected to be in at the time its judgment lien attached,
 
 i.e.,
 
 junior to plaintiff’s lien. A contrary ruling would unjustly enrich Colorado National.
 

 Colorado National’s remaining contentions are without merit.
 

 Judgment affirmed.
 

 STERNBERG and PLANK, JJ„ concur.