**John M. FRANKS and Nancy S. Franks, Plaintiffs–Appellants,**

v.

**COLORADO NATIONAL BANK–ARAPAHOE, Defendant–Appellee.**

**No. 92CA0971.**

Colorado Court of Appeals, Div. II.

May 20, 1993.

---

G.G. Alan Vaughan, Denver, for plaintiffs-appellants.

Curtis V. Smith, Littleton, for defendant-appellee.

Opinion by Chief Judge STERNBERG.

Plaintiffs, John M. and Nancy S. Franks, appeal from a judgment of the trial court finding a deficiency in favor of the defendant, the Colorado National Bank—Arapahoe (Bank). We affirm but remand for further findings.

John Franks signed a promissory note in favor of the Bank, giving as a portion of the security a deed of trust on a residence owned by Nancy Franks, his wife. The Bank became a junior lienor to the holder of an existing first deed of trust on the property.

The holder of the first deed of trust foreclosed on the property and was the successful bidder at the trustee's sale. After Nancy Franks' redemption period had expired, the Bank redeemed from the holder of the first lien, sold the property, and applied the net proceeds from the sale towards the debt owed on the note.

Plaintiffs brought suit, alleging bad faith and breach of contract. The Bank counterclaimed for the amount of the deficiency after the sale.

The parties presented conflicting evidence as to the value of the property. Plaintiffs submitted two contracts, both entered into in mid–1990, for $270,000 and $275,000. Neither contract closed. Nancy Franks testified that in her opinion the value was approximately $270,000, basing that figure on an offer which did not go to contract. John Franks testified that in his opinion the property was at one point worth $295,000, although he believed, based on the offers received, that it would not sell for that. The Bank's evidence was the results of the sale.

After a bench trial, the court found in favor of the Bank on all claims. This appeal followed.

## I.

Plaintiffs contend that, in determining the deficiency owed after the sale, the court considered the wrong valuation date and thus incorrectly determined the value of the property. Because we are not able to determine the date of valuation used by

the trial court in determining value, we vacate the deficiency judgment and remand for reconsideration, additional findings, and entry of an appropriate judgment.

The foreclosure took place in December of 1990. The Bank redeemed the property in March 1991 pursuant to § 38–38–303, C.R.S. (1992 Cum.Supp.). The Bank caused improvements to be made, listed the property for $260,000, and sold it through a real estate agent for $246,000. The sale closed in September 1991, and the Bank credited the net amount received from the sale to the Franks' loan.

The court concluded that the appropriate amount to be credited towards the note was the net proceeds received from the sale. Plaintiffs contend that the court should have credited them with the fair market value of the property as of the date of foreclosure or, alternatively, the date of redemption, rather than the date of the sale.

■ The Bank is entitled to a deficiency judgment to the extent that the debt exceeds the fair market value of the property. *Bailey v. Merritt,* 90 Colo. 338, 9 P.2d 485 (1932). Fair market value is the price a buyer is willing to pay and the seller is willing to accept under circumstances that do not amount to coercion. *Connell v. Sun Exploration & Production Co.,* 655 P.2d 426 (Colo.App.1982).

*Bailey* involved the redemption of property by a subsequent lienor. Finding that the applicable statutes did not resolve the amount to be credited toward the debt, the court reached a solution through analogy to the procedure used in strict foreclosure. It stated:

> The debt due the mortgagee is deemed to be satisfied only to the extent of the value of the property. If the parties have not agreed upon the value, the court determines it in a proper proceeding, and the amount so ascertained is credited upon the debt. A similar practice should be followed in the present case. It is just and fair and protects the interests of all.

*Bailey v. Merritt,* 90 Colo. at 342, 9 P.2d at 487; *cf. Eastern Idaho Production v.*

*Placerton,* 100 Idaho 863, 606 P.2d 967 (1980) (statute requires court to conduct deficiency hearing to determine reasonable value of redeemed property).

■ *Bailey,* however, did not establish the date of such valuation, nor is the issue addressed by the statutes governing redemption or other Colorado case law. We find the analogy to foreclosure helpful and hold that the proper date of valuation of property redeemed by a junior lienor is as of the date of redemption. *See Four Strong Winds, Inc. v. Lyngholm,* 826 P.2d 414 (Colo.App.1992) (proper date of valuation of foreclosed property is the date that the foreclosing creditor's bid to purchase is accepted at the foreclosure sale). And, if a junior lien holder chooses to redeem, we hold that fair market value of the property on the date of redemption is the proper value to offset against the junior lien. If the value as of that date is controverted or unclear, the court should take evidence to determine that value.

Here, after noting that the sale was an arm's length transaction held within a reasonable time after the redemption, the court found that: "The clearest articulation of the value of the real property before the court is the actual sale of the property for $246,000." It credited $222,015, the net proceeds received from the sale, toward the plaintiffs' debt.

Plaintiffs argue that, as the sale took place six months after the redemption, the sale price could not, as a matter of law, be the value at the time of the redemption. Therefore, they claim, the Bank in effect presented no evidence of the value as of that date and the court should have accepted John Franks' opinion of $295,000 as the value as of the date of redemption.

We are not persuaded that the court's findings should be rejected as it is possible that the court's reference to the sale price meant that it considered that price to be more reflective of the property's true value as of the date of redemption than the value suggested by the plaintiffs.

We do agree, however, that it is unclear whether the court in fact determined the

property's value as of March 15, 1991, the date of redemption, or September 16, 1991, the date of the sale, as the value on which the deficiency award was based. Hence, the matter must be remanded to the trial court for it to determine the fair market value of the property as of March 15, 1991, and to base its deficiency calculations on that value. *See Four Strong Winds, Inc. v. Lyngholm, supra.*

## II.

■ Plaintiffs also contend that the foreclosing entity failed to give them appropriate notice. However, this issue is raised for the first time on appeal; thus, we will not consider it. *See Shumate v. Department of Revenue,* 781 P.2d 181 (Colo.App. 1989).

## III.

Plaintiffs' final argument is that the judgment should be reversed as the Bank exhibited bad faith breach of a contract sufficient to constitute lender liability.

■ To prevail on a claim of bad faith breach of a contract, the plaintiffs must demonstrate the existence of a special relationship between themselves and the Bank. A relationship of debtor and creditor, standing alone, is insufficient to constitute a special relationship. *First National Bank v. Theos,* 794 P.2d 1055 (Colo.App. 1990).

■ In ruling against the plaintiffs on this claim, the trial court concluded that they had presented no evidence of a special relationship. Similarly, as the plaintiffs neither allege such a special relationship existed nor direct our attention to any evidence in the record supporting the existence of such a special relationship, the claim must fail here.

The judgment is vacated as to the amount of the deficiency, and the cause is remanded for reconsideration of the deficiency award in light of the views expressed herein. In all other respects, the judgment is affirmed.

TURSI and HUME, JJ., concur.