Wilson, P. J.
One Barnabas Huber obtained judgment against W. M. Enterline. Certain real estate was levied upon, and sold under execution issued upon the judgment. Plaintiff Huber became the purchaser and received a certificate of purchase from the sheriff. Within the time allowed by statute, the defendant Enterline redeemed by paying to the sheriff the amount of money bid at the sale with interest and costs. Thereafter, while this redemption money was still in the hands of the sheriff, Huber sold and assigned his certificate of purchase to the plaintiff in this suit, The Breckenridge Mercantile Company, a corporation. Thereafter, the corporation brought this suit against the sheriff and the sureties upon his official bond, the defendants herein, to recover such redemption money, alleging that the same remained unpaid after demand. The defense set up in the answer was a denial that the assignment of the certificate of purchase was made for a valuable or any consideration, and an allegation that whilst the money was in the hands of the sheriff, and before notice that plaintiff was owner of the same, he had been garnisheed in a suit instituted in the district court of Arapahoe county, wherein Huber was one of the defendants, and that in pursuance of judgment rendered in that cause, he had paid the same to the plaintiff therein. All of the allegations of the answer with reference to the garnishment and to the payment of the money in obedience to a judgment and order of court against Huber were denied in the reply, and no evidence having been offered to subtantiate these averments in the answer, they have no bearing upon, and are not to be considered in the determination of the cause. There is no question about the regularity of the assignment *556 of the certificate of purchase, and that the assignee became subrogated to all of the rights of the assignor. These rights are specially given by statute. General Statutes, sec. 1856 ; Mills’ Ann. Stats., sec. 2552. That the assignment was made for a valuable consideration was conclusively shown, and was not controverted by any evidence offered on behalf of the defendant.
Trial was to the court, without a jury, and judgment was rendered in favor of the defendant on the ground of fraud. The finding of the court and direction for judgment as preserved in the record was as follows: “ This whole matter shows fraud all through it too glaringly for this court to be utilized in your attempt to obtain this $125, by what may be technically the law. You will have to go to some other court, Mr. Ellis, to recover your judgment. The judgment will be for the defendant, and costs.” In what particular the fraud consisted, or by whom specially committed, was neither found nor shown. It is a fundamental rule that a judgment must be rendered in conformity with the allegations and proof of the parties. It must accord with and be warranted by the pleadings of the party in whose favor it is rendered. If not supported by the pleadings, it is as fatally defective as one not sustained by the verdict or findings. A party cannot allege one cause of action, or one ground of defense, and then recover upon another. Black on Judgments, § 183; Tucker v. Parks, 7 Colo. 62; Jackson v. Ackroyd, 15 Colo. 583; Greer v. Heiser, 16 Colo. 306. Fraud was nowhere pleaded in the answer of defendants. The entire defense set up in the answer was that the assignment was without consideration, and that the defendant sheriff had paid over the money by virtue of the judgment and order of another court, in another cause, wherein Huber, the original holder of the certificate of purchase, was one of the defendants. The judgment, therefore, cannot be sustained.
This is decisive of the appeal, but as the case must go back for another trial, we feel it proper to notice another point which was raised in the case. This was with reference
*557 to the notice of assignment. Whether it was necessary for the mercantile company to have given notice to the sheriff of the assignment in order to have preserved all of its rights thereunder, or whether by reason of failure to give such notice, such rights were liable to be lost on account of the attachment or seizure of the money under legal process by the creditors of Huber, it is not necessary to decide in this case. It conclusively appears from the evidence, that such notice was given before any attempt was made to reach the money by Huber’s judgment creditors. Mr. Looney, the secretary and treasurer of the plaintiff company, testified that on July 15, 1895, within a few days after the assignment was made, he gave notice of the fact to the sheriff, and demanded the money. This is denied by the sheriff, not in a positive and unequivocal manner, but indirectly. Assuming, however, that Looney’s statement was not correct, it was stated by Looney and admitted by the sheriff that on September 21, the former notified the latter that the assignment had been made, and that the plaintiff company was the owner of the certificate of purchase, and entitled to the redemption money. The return of the sheriff upon the execution issued upon the judgment against Huber rendered by the Arapahoe county district court is to the effect that the sheriff levied upon the money in question on October 15, 1895. There was some attempt on the trial to explain away this return by the simple general statement of the sheriff that he had levied upon the money before he was notified of the assignment by Mr. Looney. Even if the evidence had been admissible at all, however, the attempt was a failure. In this suit against the sheriff upon his offical bond, he was concluded by his return. He could not be permitted to dispute it. The return, if not in accordance with the facts, might have been amended in the suit in which the writ of execution issued, but it could neither be amended nor contradicted by the officer in this action. Bishop v. Poundstone et al., 11 Colo. App. 74; Grove v. Wallace, 11 Colo. App. 164. For these reasons, the judgment must be reversed.

Reversed.