McCAULEY, Appellant, v. JONES, Respondent.

(No. 2,287.)

(Submitted June 11, 1906. Decided July 6, 1906.)

*Ejectment—Mortgages—Foreclosure—Sheriff's Deeds—Validity.*

Mortgages—Foreclosure—Sheriff's Deed to Purchaser—Validity.
    1.   A purchaser at foreclosure sale went into possession after the expiration of the year within which the mortgagor was entitled to redeem. Nearly four years afterward the then sheriff, as successor of the sheriff making the sale, at the request of the purchaser executed to him a deed. The mortgagor made no offer at any time to redeem. *Held*, that the deed was applied for within a reasonable time, and was valid, within Code of Civil Procedure, section 1237, authorizing the sheriff, as successor in office of the sheriff making a foreclosure sale, to execute a deed to the purchaser.

Ejectment—Defenses—Acquisition of Title *Pendente Lite*—Effect.
    2.   A recovery by plaintiff in ejectment may be defeated by defendant showing title in himself acquired subsequent to the commencement of the action.

Officers—Sheriffs—Successors.
    3.   Any sheriff succeeding his predecessor, whether *immediately* or not, is the latter's "successor" within the meaning of that term as used in section 1237 of the Code of Civil Procedure.

*Appeal from District Court, Silver Bow County; George M. Bourquin, Judge.*

Action by Jefferson McCauley against David Jones. From a judgment for defendant, plaintiff appeals. Affirmed.

*Messrs. Maury & Hogevoll,* for Appellant.

The first deed was void—it was prematurely issued and delivered. If the sheriff could deliver the·deed one hour before the year expired, he could deliver it six months or the day after his sale, or coincidentally with his certificate of sale. (*Perham* v. *Kuper,* 61 Cal. 331; *Hall* v. *Yoell,* 45 Cal. 584; *Moore* v. *Martin,* 38 Cal. 428; *Bernal* v. *Gleim,* 33 Cal. 668; *Gross* v. *Fowler,* 21 Cal. 392; *Gorham* v. *Wing,* 10 Mich. 486; *Dortch* v. *Robinson,* 31 Ark. 296.)

Regan was sheriff in office on Tuesday, March 25, 1901. On that day Clark was entitled to his deed and could have had it doubtless on request. At common law, regardless of statute, even if Regan's term of office had expired, he was the only officer (ministerial) empowered to make it (unless the court appoint a master or commissioner). (*Anthony* v. *Wessel,* 9 Cal. 103; *People* v. *Boring,* 8 Cal. 406, 68 Am. Dec. 331; *Head* v. *Daniels,* 38 Kan. 1, 15 Pac. 911; *Thornton* v. *Boyd,* 25 Miss. 598; *In re Guenzler,* 70 Mo. 39; *Sickles* v. *Hogeboon,* 10 Wend. (N. Y.) 562.) Therefore the deed from Quinn was as worthless as the deed of any other stranger would have been, unless we find some statutory authority.

*Mr. C. F. Kelley,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the court.

Appeal from the judgment. The plaintiff sued the defendant in ejectment. The complaint is an ordinary one in ejectment. From the answer and replication it appears that the plaintiff was at one time·the owner of certain real estate, and on September 21, 1895, made a mortgage to Henry Knippenberg to secure a loan. The mortgage and notes were assigned to William D. Clark and upon default, the sheriff of the county, on the twenty-fourth day of March, 1900, sold the property at sheriff's sale under the mortgage to Clark, the sheriff, being one Regan. On March 25, 1901,

the previous day being Sunday, sheriff Regan executed and delivered to Clark a deed for the property described, the usual certificate of sale having been made, delivered and properly filed at the time of the sale.  On January 19, 1905, a new deed was made by the then sheriff, John J. Quinn, to Clark.  At the time of the delivery of the first sheriff's deed Clark went into possession of the property and afterward conveyed to respondent.  The district court of Silver Bow county, Honorable George M. Bourquin, judge, gave judgment in favor of the defendant.

Seven questions are raised in the brief of the appellant.  The only one necessary to be considered is whether or not the Quinn deed conveyed title to the grantee therein.  If the Regan deed was void on account of having been made on Monday after the Sunday which was the last day of the year of redemption, then we should consider the case as if no deed had been made at all on the Monday.  The year of redemption is for the benefit of the debtor in the mortgage suit.  The purchaser went into possession after the expiration of the year of redemption.  It does not appear that at any time before the second deed was executed there was any offer to redeem, even if such an offer could have availed the mortgagor after the expiration of the period of redemption.  The law does not require the purchaser at a mortgage foreclosure sale to apply for the deed immediately upon the expiration of the year.

The defendant in this case applied for the second deed from the sheriff within a reasonable time, and in our opinion the deed was valid.  (17 Cyc. 1743.)  A recovery by plaintiff in ejectment may be defeated by defendant showing title in himself, and this is so although he acquire the same subsequent to the commencement of the action.  (15 Cyc. 62.)  This action was commenced on September 12, 1904, and the second deed from the sheriff was made and delivered *pendente lite*.  Under section 1237 of the Code of Civil Procedure it is the duty of the sheriff who made the sale, if he still be in office, but if not, then of his successor, to

make the deed.   Any sheriff succeeding the sheriff who made the first deed was the successor of such officer.

We find no error in the decision of the court below.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.