[No. 7820.]

HENDRICKS ET AL v. TOWN OF JULESBURG.

1. STATUTES—*Construed*—Taxes are due only at the time specified in the statute (Rev. Stat. Sec. 5537), though payable at the option of the tax payer at an earlier date.

Under Rev. Stat. Sec. 6734 the owner of a parcel of lands within the description set down in the statute may maintain a petition to disconnect it from the city or town within which it is included, even though taxes levied thereon but not yet due within sec. 5537 are unpaid. The latter statute is not to be so construed as to discriminate against the petitioners in such case, and compel them to pay taxes before others are required to do so.

That the lands are subject to mortgage does not impair the petitioner's right.

2. MUNICIPAL CORPORATIONS—*Disconnection of Border Lands*—The statute permitting the owner of lands of a certain area, upon the border of the town to procure the disconnection thereof from the town is mandatory.

3. MORTGAGE OF LANDS—*Effect*—The mortgagor of lands is still the owner thereof, notwithstanding the mortgage. (Rev. code Sec. 280.)

4. WORDS AND PHRASES—*"Due"*—*"Owing"*—*"Payable"*—Construed.

*Error to Sedgwick County Court.*—HON. R. J. DOBELL, Judge.

Messrs. ROLFSON & HENDRICKS, for plaintiffs in error.

Mr. ROY T. JOHNSON, Messrs. ALLEN & WEBSTER, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court.

Section 6733, R. S. 1908, provides that the owner or owners of a tract or tracts of land, aggregating twenty or more acres, embraced within the corporate limits of any city or town, and upon or contiguous to the border thereof, may petition the county court of the county in which the land is situated to have the same disconnected from said city or town. The plaintiffs in error filed their petition in the county court on January 23rd, 1912, alleging their several ownership in two contiguous forty-acre tracts of land, adjoining the Town of Julesburg, praying to have the same disconnected. The petition substan-tially conforms to the requirements of Section 6734, R. S. 1908, which is as follows:

"Such petition shall show to the court that such tract or tracts of land contain in the aggregate an area of twenty or more acres, upon or adjacent to the border of said city or town; and that petitioners are the owners thereof, describing the land; that no part of such area has been duly platted into lots and blocks as part of or addition to said city or town; that all taxes or assess-ments lawfully due upon said land up to the time of pre-sentation of said petition are fully paid."

The town of Julesburg filed an answer and protest, denying among other things, the several ownerships of

the tracts of land by petitioners, and the payment of all taxes or assessments lawfully due at the time of presentation of the petition. The tracts of land were under mortgages, and the taxes on them for the year 1911 had not been fully paid, at the time the petition was filed, January 23rd, 1912. Upon trial without a jury, the court found that the petitioners and each of them are not the owner or owners of the tract or tracts of land which they seek to have disconnected, because under mortgages, and that all taxes or assessments lawfully due upon the land at the time of presentation of the petition are not fully paid, as contemplated by the act under consideration. The petition was dismissed at the cost of petitioners, with further order that respondent recover its costs in this behalf expended, and judgment was entered accordingly. Petitioners noted objections and exceptions to the findings and judgment, and to the overruling of the motion to vacate that part of the judgment awarding costs, and bring the cause here on error for review.

The assignment of error upon the finding of the court, that all taxes or assessments lawfully due on the land had not been paid upon the filing of the petition, is controlling. The court below, on the contention of the defendant in error, construed the words, "all taxes or assessments lawfully due," as used in Section 6733, supra, to mean, "all taxes or assessments lawfully owing"; that is, that "due" as used in that section is the equivalent of owing. This view cannot be upheld. Section 5537, R. S. 1908, which is as follows:

"All taxes shall be due and payable, one-half on or before the last day of February, and the remainder on or before the last day of July of the year following the one in which they were assessed. The treasurer shall receive the tax assessed against any person who may offer to pay the same, at any time after the tax warrant shall come into his hands."

states, in direct and unmistakable language, the times at which taxes become due, and needs no construction. It is true that all taxes for the preceding year are payable, at the option of the taxpayer, on, or immediately after, January 1st of each year; but it is equally true that no taxes are due, or could be legally demanded or collected, until on or after the particular dates fixed by law. Such manifestly is the meaning of Section 5537, and conclusively demonstrates that no taxes for the preceding year were due, as contemplated by Section 6734, on the land in question on January 23rd, 1912, when the petition was filed. The term "due" in the latter section has and can have reference only to taxes due according to law.

That the view that no taxes were in fact actually due at the time of the filing of the petition herein is correct, is further emphasized by the context of other provisions of the revenue law. Section 5538, R. S. 1908, provides:

"In case the first installment of one-half of any tax is not paid prior to March first in any year, then there shall be assessed against such installment a penalty of one per cent. for each month or fractional part thereof from March first until paid, provided it is paid prior to August first, as provided by law."

Section 5675, R. S. 1908, provides:

"No personal demand of taxes shall be necessary, but it is the duty of every person subject to taxation to attend at the office of the treasurer and pay the first half of the taxes assessed against his property on or before the last day of February, and the remaining one-half part thereof on or before the last day of July of the year following the one in which they were assessed;" * * *

To illustrate, a note payable on or before sixty days after date may be payable at any time before the expiration of sixty days, but it does not become due, nor can its payment be legally demanded or enforced before that time.

"It (due) differs from *owing* in this, that sometimes what is owing is not due: a note payable thirty days after date is payable immediately after it is delivered to the payee, but it is not due until the thirty days have elapsed." Bouvier's Law Dictionary, 621.

The argument that no land should be taken out of the corporate limits until all claims for taxes against it are adjusted, whether due or not, for such in effect is the contention of defendant in error, is without merit, because it is clear that, in any event, all taxes lawfully assessed against the land, prior to its disconnection, create a lien against it, and the land would be held for the payment of such taxes, as well after disconnection as before. The provision that all taxes due at the time of the filing of the petition must be shown to have been paid, was simply to preclude owners from making such application when actually in default, and is a very wise and proper requirement. It was in no sense intended thereby to discriminate against such owners and compel them to pay taxes before other taxpayers are required to do so.

The evidence as to ownership is conclusive and uncontradicted. The finding of the court, therefore, that the plaintiffs in error, solely because the lands were encumbered by mortgages, were not the respective owners thereof for the purposes of this action, under Section 6734, *supra,* is erroneous. The owner of real estate does not cease to be such simply because he has given a mortgage upon it. Section 280 of the Code of Civil Procedure of 1908, relating to mortgages, reads:

"A mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession of the real property without foreclosure and sale, and the fact of a deed being a mortgage in effect, may be proved by oral testimony; but this section shall not apply to trust deeds with power of sale."

This court, in *Pueblo & Arkansas Valley R. R. Co. v. Beshoar,* reported in 8 Colo. at page 32, 5 Pac. 639, wherein the plaintiff, a mortgagee, sought to recover damages occasioned to the land to which he held a deed, which was in effect a mortgage, discussing the effect of a mortgage upon title to land, said:

"It is evident that the suit was brought and tried upon the theory that, by virtue of the deed, he held title to the entire quarter section, or at least to the fifteen acres alleged to have been damaged. This is a mistake; plaintiff held no legal title whatever to any part of the premises; the common law rule in this particular concerning mortgages is abrogated; and by statute in this state the equitable doctrine, in the absence of special contract to the contrary, has been made universal; plaintiff's mortgage created a lien merely; at the time he began this action he was a bare mortgagee out of possession, not entitled to possession, and no right thereto might ever accrue. * * * Having no title to the premises, and not being in any way authorized to possess or occupy the same, plaintiff could not recover for damages thereto."

Thus it seems well settled that the mortgagee is not the owner of the land mortgaged, and therefore, under Section 6734, *supra,* those in whom the title primarily rests, although encumbered by mortgages, are the owners under that section, and are entitled to maintain this action. In this section the word owner is used in the ordinary and usual acceptation of that term. Had it been the intention of the legislature to include mortgagees in the word "owners" it would have expressly so provided.

In illustration of this suggestion, attention is directed to the fact that in the statutory provision for filing plats in incorporated towns or cities the words "owners and proprietors" of lands are used, and the meaning of the terms as there used is defined by Section 6612, R. S. 1908, which is as follows:

"For the purpose of this act, any person having a legal or equitable interest in any lands, shall be deemed an owner and proprietor."

So in the present case, had it been the intention to include mortgagees in the term "owners," the legislature, as in the foregoing section, would have extended the ordinary meaning of the term so as to effect that result.

All other matters required to be shown to entitle the petitioners to a decree were either admitted in open court, or were not challenged. The statute for disconnection of territory from a city or town is mandatory. *Town of Edgewater v. Liebhardt,* 32 Colo. 307, 76 Pac. 366. The judgment is reversed and the cause remanded, with directions to the court below to enter a decree as prayed.

*Reversed and remanded.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE WHITE concur.