No. 15,687.

GREEN *v*. HOEFLER ET AL.

(173 P. [2d] 208)

Decided August 12, 1946.   Rehearing denied September 30, 1946.

.Mr. JOHN T. DUGAN, Mr. RICHARD PEETE, for plaintiff in .error.

Messrs. IRWIN & O'CONNELL, for defendants in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

PLAINTIFF in error, who was plaintiff below, brought this action February 19, 1945, alleging that she was the owner and holder of sheriff's certificate of purchase to property therein described issued under date of April 5, 1943; that said certificate had originally been issued to one Mary Bolasny and thereafter by her assigned to Mabel L. Moore and Clarence O. Moore, who were then the owners of said property; that said Clarence O. Moore thereafter assigned said certificate to plaintiff in consideration of a loan of $6,000.00, no part of which had been paid, and that said certificate constituted a first and prior lien on said property. She prayed that the certificate be decreed to be superior to the rights of defendants and the property ordered sold to satisfy the lien thereof.

Defendants Hoefler, by their answer, set out, inter alia, that on or about February 1, 1945, they purchased the property described in said certificate from the grantees by warranty deed of said Clarence O. Moore and Mabel L. Moore for a valuable consideration and without knowledge of any claims or interest of plaintiff, and that there were no notices filed on behalf of junior lienors of intention to redeem from said certificate of purchase and that the time for redemption thereunder expired on October 5, 1943. They denied that the certificate of purchase held by plaintiff constituted any lien upon the property and alleged that it was barred and wholly void in that the action to enforce the lien thereof was not brought, and the lis pendens of such action was not filed, within the time required by statute. After the filing of admissions by plaintiff in response to written request therefor, defendants Hoefler moved for sum-

mary judgment on the ground that plaintiff's cause of action was barred by statutory limitation of chapter 122, Session Laws of 1937, and judgment of dismissal was thereon entered in favor of said defendants and against plaintiff. Other issues were raised, but whether they have merit and whether they were properly determinable on the motion for summary judgment, we need not inquire.

Plaintiff admitted that no lienor had filed notice of intention to redeem and that the time for redemption expired October 5, 1943, as alleged in the answer of defendants Hoefler. The statute, as amended in 1937, provides that if there is no application for deed and none is issued within nine months after the expiration of the last period of redemption, all rights under the certificate of purchase terminate; that the holder of the certificate has a lien which may be enforced only by an action of foreclosure and that, "Such lien shall continue in effect only for a period of fifteen months from the date that such person became entitled to a deed, and after the expiration of such fifteen month period if no action to foreclose such lien has been commenced and no lis pendens of such action has been filed as provided by law within such fifteen month period, then it shall conclusively be presumed that such lien has been paid and discharged and no release or other acquittance shall be necessary or required to discharge such lien." S.L. '37, c. 122, §2. When does time begin to run under the limitation here created?

Plaintiff urges that the lien of the certificate sought to be foreclosed existed only after the expiration of the period during which deed could be demanded and, by implication, that limitation could not run against it before it existed. Whatever may have been the legal status of a certificate of purchase prior to the enactment of the amendment of 1937, under that statute the holder of a certificate of purchase does not have equitable title to the property, requiring only the ministerial act of the

proper officer to become a legal title; instead, he has a lien thereon with right to receive the redemption money or, if no redemption is made, the right, upon demand, to receive official deed thereto. Under that act it is provided that it shall be deemed that such lien became due and payable on the date that the person became entitled to such deed, and that upon the issuance and delivery of the deed, and not until then, title should vest in the grantee. This seems to be the general rule. "While there are some cases influenced by the statutes of the particular jurisdiction to the effect that title passes, the general rule is that the issuance of the certificate, although it operates to extinguish the mortgage lien, and, in some jurisdictions, itself creates a statutory lien in favor of the purchaser, is not a deed and does not pass a title to the land itself, nor does it divest the mortgagor of his title, so that if a deed is not executed and delivered to the holder of the certificate within the time limited by statute, or if the certificate is later assigned to the mortgagor and no deed is ever issued, or if the holder of the certificate neglects to secure a deed for so long a time after he is entitled to it as to constitute an estoppel, the mortgagor or those entitled under him are never divested of their title." 42 C.J. 279, §1948.

Plaintiff further urges that the holder of the certificate was entitled to a deed at any time during the period of nine months, and therefore the limitation period of fifteen months should run from the last date when the holder was entitled to a deed, rather than from the first date. The statute may not properly be so interpreted. While the holder of the certificate was entitled to a deed at any time during the nine months' period, he *became* so entitled on the first day of that period, and *"the date* that such person *became* entitled to a deed" was that first day only. Plaintiff in this case, as appears from her pleading and admission, became entitled to a deed on October 5, 1943. Having made no demand for a deed, and having brought no action to

foreclose, and having filed no lis pendens, within fifteen months thereafter, under the statutory mandate it must conclusively be presumed that such lien had been paid and discharged. Her action thereafter was barred by the statutory limitation which was here interposed as a defense by defendants and the action was properly dismissed.

The judgment is affirmed.

Mr. Justice Hilliard dissents.

Mr. Justice Hilliard dissenting.

Disposition below was on motion of defendants in error for summary judgment, based on three grounds: (1) That plaintiff in error's cause of action is barred by operation of section 2, chapter 122, Session Laws 1937, section 164 (1), chapter 40, Supp. '35 C.S.A.; (2) that the certificate of purchase sought to be foreclosed, having once been assigned to the then owner of the property, it became merged and of no further effect; (3) that failure of plaintiff in error to record her assignment of the certificate of purchase, constitutes a bar to any relief. The court below granted the motion generally, and entered judgment of dismissal in favor of defendants in error. The determination here is upon the first ground of the motion, that is to say, the cause of action is barred by the limitation fixed in the stated statute. Mainly, therefore, I shall address myself to the point discussed in the court opinion; but before doing so I pause briefly to discuss the second and third grounds of the motion for summary judgment.

"In law a merger always takes place when a greater estate and a less coincide and meet in one and the same person, * * * unless a contrary intent appears. The question is upon the intention, * * * of the person in whom the interests are thus united. The intention is a question of fact, to be tried and determined in the same manner as are other issues." Mr. Justice Holland, for

the court in *Goldblatt v. Cannon,* 95 Colo. 419, 37 P. (2d) 524. Clearly, as I think, the fee owners and first assignees of the certificate of purchase, although identity attended, did not intend that the two titles should merge, for immediately upon securing the certificate of purchase they reassigned it to plaintiff in error, to whom they were indebted in no small sum, as security therefor. "Mergers are presumed when equity demands, otherwise not." Mr. Justice Burke, for the court in *International Trust Co. v. Rodewald,* 96 Colo. 358, 43 P. (2d) 1003. See, also, *Hooper v. Goldstein,* 336 Ill. 125, 168 N.E. 1, for extended analysis. In my view, merit does not attend the claim of merger.

When the sheriff issues a certificate of purchase, as here, he shall "file in the office of the recorder of the county a duplicate of such certificate, signed by him; and such certificate, or a certified copy thereof, shall be taken and deemed evidence of the facts therein contained." '35 C.S.A., c. 93, §48. Such duplicate was recorded here. The original certificate, delivered by law to the purchaser, as was done in this instance, "shall be assignable by endorsement thereon, under the hand of such purchaser * * *; and every person to whom the same shall be so assigned shall be entitled to the same benefits therefrom in every respect that the person therein named would have been, if the same had not been assigned; and in case the lands mentioned in such certificate shall not be redeemed in pursuance of law, shall be entitled to a deed thereof." '35 C.S.A., c. 93, §49. Where the certificate of purchase is assigned, the assignee becomes subrogated to all the rights of the assignor. These rights are specially given by this section. *Breckenridge Mercantile Co. v. Bailif,* 16 Colo. App. 554, 66 Pac. 1079. The law does not require that assignments of the certificate of purchase shall be recorded. Recordation of the duplicate made by the sheriff satisfies every legal requirement, and those interested, or to become interested, must take notice thereof. 42 C.J., p. 280,

§1948, paragraph "Filing and recording." Defendants in error do not even allege they were ignorant of the outstanding certificate of purchase, or of its existence in the chain of title. Clearly, as I think, this point is without merit. *Hooper v. Goldstein, supra.*

The record considered, I am convinced that the trial court's construction of the statute involved, affirmed here, works rare injustice to plaintiff in error, a widow, allegedly despoiled of six thousand dollars, by some "fast workers." Her allegations are that a certain lawyer, whose client she was, and his wife, promising to give her a first mortgage on the property involved, borrowed from her the sum mentioned. To have given such mortgage, as the facts are alleged, was impossible of performance, for that already the property was encumbered with a first and a second mortgage. The lawyer and his wife suffered foreclosure of the second mortgage, in relation to which the sheriff issued to the purchaser a certificate of purchase in due form. Subsequently, the lawyer and his wife, still owning the property involved, obtained an assignment of the certificate of purchase so issued, and which they reassigned to plaintiff in error, as security for the six thousand dollars they had borrowed from her. The duplicate certificate, as we have seen, was recorded and appeared in the chain of title; but the assignment thereof to plaintiff in error, also as we have seen, was not recorded. In the meantime the lawyer and his wife conveyed the property to third parties, and they to defendants in error here, and in neither instance was there mention of the disposition of the certificate of purchase. The woman, still relying on the "lawyer," and ignorant of her procedural rights in the premises, did not demand a deed on her certificate within the time provided by the statute cited in the court opinion, and thereby she became relegated to the rights of a lienor as further provided by that statute.

It is clear that the period of redemption from the sale evidenced by the certificate of purchase assigned to

plaintiff in error, expired October 5, 1943. During the period of nine months immediately following, or until July 5, 1944, the holder of the certificate of purchase, was entitled to demand and receive a deed. Otherwise expressed, for and during the nine months' period mentioned, at any time, the first day, the last day, or any day intervening, the holder of the certificate in question here could have required the issuance of a deed thereon. After the expiration of the full nine months, but not before, the deed not having been demanded, as here, the status of the holder of the certificate, plaintiff in error, was changed to that of a lienor, that is to say, she had a lien for the sum of her claim, enforceable by a formal court proceeding in the nature of foreclosure, as was instituted here.

Within what time, the statute and controlling dates in 'mind, was plaintiff in error bound to institute her foreclosure suit? The statute, some words of which I emphasize, reads: *"After such nine months* [the time within which the holder of the certificate may secure a deed] the holder of the certificate of purchase \* \* \* shall have a lien upon the property sold \* \* \* for the amount which would have been necessary to redeem such property on the last day of the last period of redemption, plus interest thereon at the legal rate, and also all taxes, insurance premiums and other lawful and proper charges advanced or paid by such person. \* \* \*. Such lien shall continue in effect only for a period of fifteen months from the date that such person became entitled to a deed, and after the expiration of such fifteen month period if no action to foreclose such lien has been commenced and no lis pendens of such action has been filed as provided by law within such fifteen month period, then it shall conclusively be presumed that such lien has been paid and discharged and no release or other acquittance shall be necessary or required to discharge such lien." S.L. '37, c. 122, §2. Plaintiff in error contends that time within which foreclosure proceedings

on the lien should have been instituted, commenced to run from the last date on which a deed could have been demanded by the certificate holder, or July 5, 1944, and extended until October 5, 1945, while defendants in error urge that the time within which the lien foreclosure suit must be brought, commenced to run October 5, 1943, the first day issuance of the deed could have been required, or not later than January 5, 1945. The suit in foreclosure was filed February 19, 1945.

If the strict construction adopted by the trial court were to be approved, in my view quite unthinkable, the suit to foreclose the lien here was almost in time. It should be borne in mind that until the statute of 1937, the holder of a certificate of purchase enjoyed a reason-able time within which to secure a deed, and unless he neglected it "for so long a time after he is entitled to it as to constitute an estoppel," he is not to be thwarted. What I have quoted is from 42 C.J. 279, as previously quoted in the court opinion. "The law does not require the purchaser at a mortgage foreclosure sale to apply for the deed immediately upon the expiration of the year." *McCauley v. Jones*, 34 Mont. 375, 86 Pac. 422, 114 Am. St. Rep. 538. "Mere lapse of time after foreclosure sale will not deprive the purchaser or those holding under him of their interest in the land, nor prevent them from obtaining a deed." 3 Jones on Mortgages (8th ed.), p. 618, §2121. Where a certificate holder neglected to apply for a deed for fifteen years, it was held that he was estopped as against his debtor and may not claim title. *Farr v. Semmler*, 24 S.D. 290, 123 N.W. 835; but in *Knox v. Doty*, 81 Kans. 138, 105 Pac. 437, it was held that twelve years did not operate adversely to the certificate holder. My study of the authorities convinces me that the holders of certificates of purchase, as here, enjoy much latitude in the matter of time within which they must take a deed, etc. It is based on two facts: (1) Such delay does not operate to the injury of his debtor, who, in the meantime, ordinarily, is in the

enjoyment of possession of the lands involved; and (2) grantees of such debtor necessarily must take with knowledge of the outstanding certificate, hence may not be heard to complain.

It was in view of such holdings, as seems clear, that the General Assembly, proceeding in 1937, sought to adopt a rule that would speed up the final step in real estate foreclosures, and thus eliminate the uncertainties born of the passing of time. First of all, it fixed a time —nine months after the right to redeem had expired— within which the certificate holder could require the issuance of a deed thereon. Second, while recognizing the property right and general equities of the certificate holder, it put him in a new relation, that is to say, that of a lienor on the land involved to the extent of his claim, to be enforced as in foreclosure of mortgages. It seems unnecessary to say, but that clarity certainly may attend, I pause to emphasize that for the full nine months the sole right of the certificate holder was to require a deed. "After such nine months," according to the new statute, the certificate holder becomes a lienor, the lien to be enforced by court foreclosure, as already stated. "Such lien," says the act, "shall continue in effect only for a period of fifteen months from the date that such person became entitled to a deed, and after the expiration of such fifteen month period if no action to foreclose such lien has been commenced * * * within such fifteen month period, then it shall conclusively be presumed that such lien has been paid and discharged," etc. The fifteen months within which to foreclose the lien is not unreasonable to the debtor, and others here are not in position to complain on this record, seems certain, and any less time might easily prejudice the certificate holder in any case, and assuredly would do so to the creditor here, who depended upon the debtor for advice as to her legal rights in the premises. Fair interpretation of the statute leads to the conclusion that the fifteen-month period had reference to the time of

the commencement of the lien, and within which, if not paid, it must be foreclosed. To deduct from the fifteen-month period the nine months within which the certificate holder could have demanded a deed, does violence to what must have been the over-all purpose of the legislature. The "lien," a newly created right, is a thing apart from the original right for a deed, and the legislature was concerned with providing a remedy for its foreclosure, and within what time. That time, as already made clear, was fixed at fifteen months. To charge up to that time, the nine months within which the certificate holder was entitled to demand a deed, during the whole of which the new statutory lien, as such, was nonexistent, not only is most illogical, but in this instance it works disastrous results to an aged woman, against whom we should not be astute to find a way to adjudge, certainly not to the extent resulting from a harsh construction of a statutory limitation. I think the judgment, entered summarily on motion, and not after trial and full evidentiary discovery, in favor of intervening grantees, by law certainly, and likely in fact, having knowledge of the outstanding certificate of purchase, should be reversed and plaintiff in error's lien foreclosure suit allowed to proceed to conclusion. The whole case, involving the lawyer and his wife, as well as the defendants in error, all of whom were made parties defendant below, should be tried as one. Let all the facts be made to appear, and in that revelation judgment as it may concern and affect the several parties, understandingly be entered.

*On Petition for Rehearing.*

MR. JUSTICE ALTER formerly concurring, now dissents.