474 P.2d 630 (1970)
W. A. BABER, Plaintiff in Error,
v.
Earl BABER, Gladys I. Baber, S & H Drilling Company, Inc., Lois K. Baber, Carson Machine and Supply Company, Warren Hodge, Donald Hodge, Krause Corporation, Inc., L. L. Reinecker, as Receiver, Rex E. Hinkhouse and Bill D. Hinkhouse, Defendants in Error.
No. 70-325. (Supreme Court No. 23428.)
Colorado Court of Appeals, Div. I.
September 9, 1970.
Carl M. Shinn, Lamar, for plaintiff in error.
*631 John C. Penny, Burlington, for Receiver, L. L. Reinecker, Warren Hodge and Donald Hodge.
Dean Johnson, Burlington, for S & H Drilling Co., Inc.
Thomas & Thomas, Richard D. Thomas, Burlington, for Rex E. Hinkhouse and Bill D. Hinkhouse.
No appearance for Lois K. Baber and Carson Machine and Supply Co.
Selected for Official Publication.
DWYER, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The case involves a dispute as to the respective rights of the purchaser at a sheriff's sale following a judicial foreclosure, and the holder of the foreclosed mortgage to certain rents which accrued after the expiration of the statutory redemption period.
The plaintiff in error, W. A. Baber, will be referred to as the mortgagee. The defendants in error, Rex E. Hinkhouse and Bill D. Hinkhouse, will be referred to as the purchasers. The other parties designated in the caption have either been dismissed, or their rights are not in issue on this writ of error.
William E. Baber, Jr., was the fee owner of the land involved. He executed a farm lease to Warren Hodge who was the tenant for a term beginning March 1, 1964, and ending March 1, 1968. The validity of the lease and the tenant's right to possession for the term of the lease are not in question. The land was also subject to a mechanic's lien and two deeds of trust, one to the plaintiff in error, W. A. Baber, and the other to Earl Baber and Gladys Baber. In 1965, three separate actions were commenced to foreclose these encumbrances. The three cases were consolidated for trial, and a receiver was appointed to collect the rents, profits and issues from the land and to hold them subject to the orders and directions of the court. The court determined the amounts due each party, and their respective priority. The court decreed a foreclosure and ordered a sheriff's sale. Pursuant to the court order, the land was sold by the sheriff to the purchasers, Rex E. Hinkhouse and Bill D. Hinkhouse.
The proceeds from the foreclosure sale were insufficient to satisfy all the debts and a deficiency judgment was entered in favor of the mortgagee, W. A. Baber. The land owner did not redeem. W. A. Baber also failed to exercise his right to redeem from the foreclosure sale, and his right to redemption expired on June 8, 1967. A sheriff's deed on foreclosure was thereafter delivered to the purchasers. Subsequently, the purchasers filed a motion asking that the rents, profits and issues accruing after the right of redemption had expired be adjudged their property, and asking that the receiver be ordered to pay the same to them. The court determined that the rights of the mortgagee, W. A. Baber, terminated as of the date on which his right of redemption expired. A judgment and decree was entered to that effect. It is from this judgment and decree that the mortgagee, W. A. Baber, prosecutes this writ of error.
There is no error in the judgment and decree and it is affirmed.
The applicable statutes concerning the foreclosure of liens and the sale on foreclosure by the sheriff provide that the owner of the premises and the lien holders of record have a right to redeem from the sale. C.R.S. 1963, 118-9-2, 118-9-3. When the owner's right of redemption expires, all of his right, title and interest in and to the land is extinguished. See Ross v. Nichols, 25 Colo.App. 409, 138 P. 1013; Plains Loan, Realty & Investment Company v. Hood, 76 Colo. 322, 230 P. 1008. This same rule applies to the interests of lien holders who have a right to redeem. All the right, title, and interest of W. A. Baber was extinguished upon the expiration of his redemption period.
The mortgagee, W. A. Baber, argues that because the foreclosure sale was made subject to the rights of the tenant, Warren *632 Hodge, the purchasers acquired no interest in the rent.
Where premises are leased, the landlord is entitled to both the rents and the reversion. When the reversion of the landlord is transferred, the rights to rents accruing after the transfer of the reversion pass to the transferee. 49 Am.Jur.2d § 102, § 530. When the landlord's interest in the demised premises are transferred to a purchaser on a sheriff's sale on foreclosure, the rights to the rents reserved in the lease pass to the purchaser. R. Patton & C. Patton, Patton on Land Titles, § 161, note 69.
Therefore, after the sheriff's sale and the failure to redeem by either the owner, William E. Baber, Jr., or the mortgagee, W. A. Baber, the purchasers acquired the rights to the rent.
Judgment affirmed.
COYTE and DUFFORD, JJ., concur.