**In re Jack Warren JENKINS and Eleanor Ann Jenkins, Debtors.**

**Jack Warren JENKINS and Eleanor Ann Jenkins, Plaintiffs,**

v.

**Trudi PEET, et al., Defendants.**

**Bankruptcy No. 81 K 1812.**

United States Bankruptcy Court, D. Colorado.

Aug. 20, 1981.

John A. Meininger, Sterling & Simon, P. C., Denver, Colo., for plaintiffs.

Carl A. Eklund, DiManna, Eklund, Ciancio, & Jackson, Denver, Colo., for defendants Trudi Peet and Bank of Roaring Fork.

Marcia S. Krieger, Mason, Reuler & Peek, Denver, Colo., and Ronald D. Austin, Austin, McGrath & Jordan, Aspen, Colo., for defendant Aspen Chateaux Mortgage Co.

## MEMORANDUM AND ORDER DISMISSING PROCEEDING

GLEN E. KELLER, Jr., Bankruptcy Judge.

Plaintiffs, Chapter 11 Debtors in Possession, by their complaint seek injunctive relief restraining the appearing Defendants from applying to the Public Trustees in Pitkin and Garfield Counties for the issuance of deeds upon the expiration of the statutory redemption period following foreclosure sale. The complaint further seeks to restrain the Public Trustees from issuing such deeds. It appears from the complaint that redemption periods from the Public Trustees' sales as provided by Colorado

statute, § 38–39–102, C.R.S.1973, expired on April 26, May 25, July 6, and August 10, 1981. The Chapter 11 petition was filed on July 6, 1981, the same day as the redemption period was to expire on the third parcel. The provisions of 11 U.S.C. § 108 are generally conceded to have extended the period within which redemption might occur by the trustee or, in this case, by the Debtors in Possession on Parcels A and B in the complaint to September 4, 1981. The complaint in this proceeding was filed August 6, 1981. These Defendants moved to dismiss the complaint for failure to state a claim upon which relief could be granted. The motion was heard at the time set for hearing upon the application for temporary restraining order. The issues raised by the motion are of first impression in this District.

The Defendants contend that upon the expiration of the extended redemption period on September 4, 1981, they will be entitled pursuant to Colorado statute, § 38–39–110, C.R.S.1973, to apply for and receive a deed upon surrender of their certificate of purchase issued at the time of sale by the Public Trustees. They further argue that nothing in the Bankruptcy Code stays the running of the redemption period, save for the limited provisions of § 108, and that the application for deed and issuance of deed by the Public Trustees are not acts "to create, perfect or enforce any lien against property of the estate" as are stayed by the provisions of 11 U.S.C. § 362(a)(4). Plaintiffs respond that this Court has full jurisdiction to extend the time within which they may redeem under the foreclosure sale beyond that time provided in § 108 and, in any event, contend that the application for deed is an act to enforce a lien upon the property of the estate, which act is automatically stayed and should be protected by the injunctive powers of this Court.

■ The analysis required of the Court upon this motion is to determine the jurisdiction of this Court to extend the period of redemption, which in turn must rest upon a determination of the nature of the interests of the respective parties in the property. It is a fundamental principle of bankruptcy law that the property rights which form the estate under 11 U.S.C. § 541 are defined by state law. Thus, one must resort to the state law of property to determine what property of the estate is protected by the Bankruptcy Code. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In re Wheeler*, 5 B.R. 600 (Bkrtcy.B. D.Ga.1980). In the *Butner* case, the Court said at Page 918:

Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both state and federal courts within a State serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving "a windfall merely by reason of the happenstance of bankruptcy." *Lewis v. Manufacturers National Bank*, 364 U.S. 603, 609, 81 S.Ct. 347, 350, 5 L.Ed.2d 323. The justifications for application of state law are not limited to ownership interests; they apply with equal force to security interests, including the interest of a mortgagee in rents earned by mortgaged property.

The minority of courts which have rejected state law have not done so because of any congressional command, or because their approach serves any identifiable federal interest. Rather, they have adopted a uniform federal approach to the question of the mortgagee's interest in rents and profits because of their perception of the demands of equity. The equity powers of the bankruptcy court play an important part in the administration of bankrupt estates in countless situations in which the judge is required to deal with particular, individualized problems. But undefined considerations of equity provide no basis for adoption of a uniform federal rule affording mortgagees an automatic interest in the rents as soon as the mortgagor is declared bankrupt.

724

■ There is nothing in the legislative history which suggests that state rights existing on the date of the entry of the order for relief should be expanded. *Matter of Morse*, 8 B.R. 990 (Bkrtcy.B.D.N.J.1981); H.Rep. 95–595, 95th Cong., 1st Sess. (1977) 367–68, U.S.Code Cong. & Admin.News 1978, 5787. It has long been recognized as well that state property rights which have terminated prior to the entry of an order for relief do not become property of the estate. 4 *Collier on Bankruptcy* ¶ 541.06 (15th ed. 1980). It has likewise been held that where property rights have terminated automatically after the petition in bankruptcy has been filed, such rights cannot be revived by the Court. If no act of the creditor is required or involved, there is nothing stayed by the automatic stay provisions of § 362. *In re Trigg*, 630 F.2d 1370 (10th Cir. 1980); *Goodhope Refineries v. Benevidez*, 602 F.2d 998 (1st Cir.), *cert. denied* 444 U.S. 992, 100 S.Ct. 523, 62 L.Ed.2d 421 (1979); *Schokbeton Industries, Inc., v. Schokbeton Products*, 466 F.2d 171 (5th Cir. 1972). Clearly, these cases apply to Parcels C and D as scheduled in the Plaintiffs' complaint as the period of redemption had run prior to the filing of the petition in bankruptcy.

■ The periods of redemption in Parcels A and B expired by state law on July 6, 1981, and August 10, 1981, bringing into operation the provisions of § 108, which extends the period to 60 days after the petition for the performing of any act by either the trustee or, in this case, the Debtor in Possession. It must be concluded that, in fact, the period of redemption is not extended by § 108, but, rather, the fiduciary in the bankruptcy proceeding is accorded an additional time to perform the act of redemption. The rights of other parties continue to be fixed by state law. *In re Hellenschmidt*, 5 B.R. 758 (Bkrtcy.B.D.Colo. 1980).

One bankruptcy court has held that a period of redemption is tolled by the filing of a bankruptcy petition. *In re Johnson*, 8 B.R. 369 (Bkrtcy.B.D.Minn.1980). This Court can find no support in the Bankruptcy Code for the proposition that the bankruptcy court can further stay the running of a statutory period of redemption. Congress has seen fit in § 108 to protect the fiduciary and, thus, the rights of the creditors by asserting the requisite federal interest and modifying the period in which the fiduciary may act. It has not accorded the bankruptcy court with the general jurisdiction to further modify that time. The only appeal is to the general equitable power of the Court to prevent the impairment of its jurisdiction, which was the subject of the *Butner, supra*, case. Clearly, the effect of such further stay would be to enlarge property rights in what appears to this Court to be an impermissible manner.

■ A substantial distinction must be drawn between the tolling of the statutory period of redemption and the stay of termination of a contract as in *Queens Boulevard Wine and Liquor Corp. v. Blum*, 503 F.2d 202 (2nd Cir. 1974). The termination of a right to redeem is an automatic feature of state law to afford finality to the foreclosure process. The foreclosure sale and the issuance of a certificate of purchase are operative acts which fix rights of parties in property, and it is only the right to redeem which becomes the property right of the estate. *In re Hellenschmidt, supra*. In 4 *Collier on Bankruptcy* ¶ 541.07 (15th ed. 1981), the following discussion of these propositions is included:

The right to redeem property from a tax sale was held under the Act to be an asset that became a part of the bankrupt's estate. And where the debtor's property had been sold upon foreclosure proceedings, the statutory right of redemption was generally held an asset that passed to the trustee, if the period of redemption had not expired as of the date of the filing of the petition. The real property involved in the sale is not itself an asset, nor may the bankruptcy court extend or enlarge the redemption period beyond that provided under state law, when it has expired prior to the filing of the bankruptcy petition. However, where the redemption period has not ex-

pired as of the date the petition is filed, section 108 applies to guarantee a minimum redemption period of 60 days after the entry of the order for relief.

■ Debtors argue that under the peculiar language of the Colorado redemption statute, all that the mortgagee holds, even after foreclosure sale, is a lien upon the property of the debtor. That position finds some support in the case *Green v. Hoefler*, 115 Colo. 287, 173 P.2d 208 (1946). The Colorado Supreme Court said:

> Whatever may have been the legal status of a certificate of purchase prior to the enactment of the amendment of 1937, under that statute the holder of a certificate of purchase does not have equitable title to the property, requiring only the ministerial act of the proper officer to become a legal title; instead, he has a lien thereon with right to receive the redemption money or, if no redemption is made, the right, upon demand, to receive official deed thereto. Under that act it is provided that it shall be deemed that such lien became due and payable on the date that the person became entitled to such deed, and that upon the issuance and delivery of the deed, and not until then, title should vest in the grantee. This seems to be the general rule. "While there are some cases influenced by the statutes of the particular jurisdiction to the effect that title passes, the general rule is that the issuance of the certificate, although it operates to extinguish the mortgage lien, and, in some jurisdictions, itself creates a statutory lien in favor of the purchaser, is not a deed and does not pass a title to the land itself, nor does it divest the mortgagor of his title, so that if a deed is not executed and delivered to the holder of the certificate within the time limited by statute, or if the certificate is later assigned to the mortgagor and no deed is ever issued, or if the holder of the certificate neglects to secure a deed for so long a time after he is entitled to it as to constitute an estoppel, the mortgagor or those entitled under him are never divested of their title." 42 C.J. 279, § 1948.

Within the context of that case, the foregoing language may have been appropriate, but when considered in connection with the current difficulty, further analysis is required. More recent Colorado cases have refined this law. First is *Baber v. Baber*, 28 Colo.App. 530, 474 P.2d 630 (1970), where the court said: "When the owner's right of redemption expires, all of his right, title and interest in and to the land is extinguished. See *Ross v. Nichols*, 25 Colo.App. 409, 138 P. 1013; *Plains Loan, Realty & Investment Company v. Hood*, 76 Colo. 322, 230 P. 1008." The most recent case is *Emerick v. Greene*, 40 Colo.App. 246, 575 P.2d 441 (1977), where the court said:

> We recognize that ordinarily when a landowner fails to redeem following a foreclosure sale, his title in the land is extinguished. *See Baber v. Baber*, 28 Colo.App. 530, 474 P.2d 630 (1970). However, the issue in this case is whether any rights are reinstated where, as here, the purchaser at the foreclosure sale fails to obtain a sheriff's deed in compliance with the statute. We view *Green v. Hoefler*, 115 Colo. 287, 173 P.2d 208 (1946) as dispositive of this issue.

\*   \*   \*   \*   \*   \*

In interpreting what is now § 38–39–111, C.R.S.1973, our Supreme Court held that issuance of the certificate of purchase was not equivalent to a conveyance of title to land, and that upon expiration of the redemption period, the certificate holder must either obtain a sheriff's deed within nine months or initiate a separate action to foreclose a lien granted by the statute within fifteen months. Otherwise, the mortgagor and those persons "entitled under him" are not divested of their title.

■ The act of the mortgagee in seeking a deed upon expiration of the period of redemption does not seem to this Court to be the type of enforcement of lien rights prohibited under § 362. That section is designed to preserve the estate's rights in property. Those rights here, without the intervention of the bankruptcy, are only the

rights to redeem and, failing that, of expectancy in the event of the laches of the mortgagee. The only avenue for revestment of full ownership in the property available upon the expiration of the redemption period is for the passage of a period of 15 months with no action being taken by the holder of the certificate of purchase. The public trustee is not vested with discretion but is in fact required to issue the deed upon timely request of the holder of the certificate of purchase. The request does not seek to remove property from the estate. The estate has no right under Colorado law for the use of the property, no right to receive rents or profits from the property, no right to sell or encumber the property, and none of the bundle of other rights which normally are incidents of ownership. In fact, pursuant to § 38–39–113, if the debtor fails to protect the property, including keeping the premises in repair, keeping the production of income current, paying taxes, and paying insurance for the protection of the holder of the certificate of purchase, the owner of the property may be subjected to an action for waste. This responsibility arises even during the redemption period, and after the running of the redemption period, the holder of the certificate of purchase is authorized by statute to pay the taxes and pay insurance premiums and other charges for the protection of his interest in the property. It thus seems clear under the Colorado statute that the holder of a certificate of purchase by operation of law possesses the bundle of rights attributable to ownership and has but to request the issuance of deed for the vestment of title.

■ The only interest of the estate in Parcels A and B is terminable by the mere passage of sixty days' time. There is no cognizable estate interest in Parcels C and D. Nothing in the Bankruptcy Code suggests that this Court's jurisdiction will be in any way impaired by the operation of the statute, thus vesting this Court with the authority under 11 U.S.C. § 105 to issue orders such as those sought by the Plaintiffs here. The purpose of the Bankruptcy Code as earlier outlined is not to enlarge rights which exist but rather to protect and preserve property for the benefit of the estate. The Court concludes that the provisions of § 108 may not, under these circumstances, be enlarged by order of this Court. Accordingly, the motion to dismiss for failure to state a claim must be granted. The debtor who waits to file a bankruptcy case until after foreclosure sale simply waits too long to seek protection of the rehabilitative chapters of the Bankruptcy Code. Now, therefore, it is

ORDERED that the complaint herein be and it is dismissed.