In re Lynn Olen CHRISTIAN, Debtor,

Lynn Olen CHRISTIAN, Plaintiff,

v.

Roy D. RYAN, Defendant.

No. 85 M 0005.

United States District Court,
D. Colorado.

Date of Hearing March 11, 1985.

Decided April 17, 1985.

William D. Nelsch, Denver, Colo., for plaintiff.

James P. Rouse, Denver, Colo., for defendant.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER ON DEFENDANT'S MOTION TO DISMISS COMPLAINT TO VOID TRANSFER

JOHN F. McGRATH, Bankruptcy Judge.

This matter comes before this Court on a Motion to Dismiss filed by the Defendant. For the reasons set forth below, this Court denies the said Motion and sets the matter for trial.

The relevant facts are agreed to by the parties and are as follows:

1. On or about April 22, 1976, Stephen Adams Enterprises, Inc. was the owner of a tract of land located in Saguache County, Colorado.

2. On or about April 22, 1976, Stephen Adams Enterprises, Inc. executed a Deed of Trust to the Public Trustee of the County of Saguache, securing a Note to Roy D. Ryan, hereinafter referred to as Defendant, in the amount of $300,000.

3. Some time subsequent to the execution of the Deed of Trust described above, the Plaintiff, Debtor-in-Possession, Lynn Olen Christian, hereinafter referred to as Plaintiff, acquired title to the property in question, subject to the Deed of Trust.

4. The Plaintiff defaulted on the terms of the Note to Defendant, and Defendant caused a Notice of Election and Demand for Sale by Public Trustee to be filed pursuant to § 38–37–115, C.R.S.

5. On or about June 14, 1984, a Public Trustee's Sale was held, and Public Trustee's Certificate of Purchase No. 80–84 was issued to Defendant, reflecting a bid by Defendant of $313,854.55.

6. Pursuant to § 38–39–102, C.R.S., the property in question, being agricultural real estate, was subject to a six-month redemption period held by Plaintiff.

7. On November 5, 1984, within the six-month redemption period, the Plaintiff filed a Voluntary Petition under Chapter 11 of title 11, United States Code.

8. The Plaintiff has not redeemed the property pursuant to § 38–39–101 et seq., C.R.S.

9. No Public Trustee's Deed has ever been issued to Defendant or an assignee of Defendant, as provided for by § 38–39–110, C.R.S.

10. The foreclosure sale complied with Colorado law in all respects.

11. On or about January 4, 1985, Plaintiff filed this Complaint, seeking recovery of the property in question pursuant to 11 U.S.C. § 548 alleging that the foreclosure sale was within one year of the filing of Plaintiff's Chapter 11 petition, the Plaintiff received less than a reasonably equivalent value in exchange for the transfer; and that the Plaintiff was rendered insolvent by the transfer, or in the alternative, was engaged in a business for which any property remaining was an unreasonably small capital.

12. The Defendant responded with a Motion to Dismiss, alleging that the foreclosure sale was not a transfer within the meaning of 11 U.S.C. 548.

13. Oral argument on Defendant's Motion to Dismiss was presented to this Court on March 11, 1985, and the matter was taken under advisement.

## CONCLUSIONS OF LAW

The foreclosure sale was a transfer within the purview of 11 U.S.C. § 548, subject to avoidance by the Plaintiff upon proof of the remaining elements of § 548.

## DISCUSSION

The question of whether a sale pursuant to the provisions of a deed of trust effects a transfer within the meaning of 11 U.S.C. § 548 is a question of federal law. *In re Hulm*, 738 F.2d 323, 326 (8th Cir. 1984); *McKenzie v. Irving Trust Co.*, 323 U.S. 365, 369–370, 65 S.Ct. 405, 407–408, 89 L.Ed. 305 (1945). 11 U.S.C. § 101(48) defines "transfer" as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption." If, at the time of the sale, Plaintiff held an interest in the property in question, the language of § 101(48) clearly establishes that the sale in this case effected a transfer under federal bankruptcy law. *Hulm, supra; Durrett v. Washington National Insurance Co.*, 621 F.2d 201, 204 (5th Cir.1980); *Abramson v. Lakewood Bank & Trust Co.*, 647 F.2d 547, 549 (5th Cir.1981).

To determine whether the debtor had an interest in the property transferred, Colora-

do law must be examined. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979); *Hulm, supra.* Under Colorado law, a deed of trust is a lien, rather than a conveyance. § 38–35–117, C.R.S. Upon default, the beneficiary of the deed of trust files a notice of election and demand for sale in writing with the public trustee. § 38–37–113, C.R.S. (1984 Supp.) The public trustee advertises the property for sale, records the notice of election in a book maintained by the trustee, and records a copy of the notice of election in the office of the county clerk and recorder of the county in which the real estate is located. *Id.* Once the sale occurs, the trustee records, in the book maintained by him, the pertinent information regarding the sale, *Id.*, and issues a certificate of purchase to the purchaser. § 38–39–116, C.R.S. A copy of the certificate of purchase is recorded with the county clerk. *Id.* The book maintained by the trustee is open for the inspection of the public "at all reasonable hours." § 38–37–113, C.R.S. The owner of non-agricultural property has seventy-five days after the sale in which to redeem the property; the owner of agricultural property has six months to redeem. § 38–39–102, C.R.S. Redemption is effected by paying to the trustee the sale price, with interest from the date of sale, and with any taxes paid or other proper charges. *Id.* Upon such payment, the trustee issues a certificate of redemption and records it. *Id.* If the owner fails to redeem, a junior lienor may redeem. § 38–39–103, C.R.S. Upon expiration of all applicable redemption periods, the holder of the certificate of purchase may request a trustee's deed. § 38–39–110, C.R.S. It is only upon issuance and delivery of the deed that title vests in the purchaser. *Id.*

■ Thus, under Colorado law, the beneficiary of a deed of trust merely has a lien against the property; execution of the deed of trust does not vest title in the mortgagee. *Hendricks v. Town of Julesberg*, 55 Colo. 59, 132 P. 61 (1913). Upon a foreclosure sale, the owner retains title to the property, right to possession of the premises, and statutory right to redeem. *Farmers' Union Mutual Protective Association v. San Luis State Bank*, 86 Colo. 293, 281 P. 366 (1929). The holder of the certificate of purchase has a lien on the property, with the right to receive the redemption money, or, if no redemption is made, the right, upon demand, to receive a deed to the property. *Green v. Hoefler*, 115 Colo. 287, 290, 173 P.2d 208 (1946); *Davis Manufacturing & Supply Co. v. Coonskin Property, Inc.*, 646 P.2d 940 (Colo.App.1982). Once the redemption period expires, and the holder of the certificate of purchase obtains a deed to the property, the owner's property rights are extinguished. *Baber v. Baber*, 28 Colo.App. 530, 474 P.2d 630 (1970); *In re Murphy*, 22 B.R. 663 (Bankr.Colo.1982).

This case involves a foreclosure sale and issuance of a certificate of purchase prior to the filing of Plaintiff's petition in bankruptcy. The Plaintiff's redemption rights have expired, see *Westergaard v. Cucumber Creek Dev., Inc.*, 33 B.R. 820 (D.C.D. Colo.1983), but no trustee's deed has issued.

■ While title remains in the Plaintiff, the transfer of an interest in property has clearly occurred. Prior to the foreclosure sale, the Plaintiff had all incidents of ownership and had the right to cure any default by merely making up any arrearages plus collection expenses incurred by the note holder. § 38–39–118, C.R.S.; *Foster Lumber Co. v. Weston*, 33 Colo.App. 436, 521 P.2d 1294 (1974). After the sale and issuance of the certificate of purchase, the Plaintiff has less than full ownership of the property. While retaining legal title, that title is subject to a lien held by the Defendant, entitling the Defendant to a deed to the property if the Plaintiff fails to redeem. Redemption involves paying the sale price, plus accrued interest and costs, rather than merely curing arrearages. Thus, a transfer of an interest in property has occurred pursuant to Colorado law. The Defendant asserts that the lien held by Defendant under the certificate of purchase is the

same lien held prior to the sale, and that, therefore, no transfer of an interest has occurred. This is not accurate, for the rights of the Plaintiff after sale are very different from those held by the Plaintiff prior to sale.

The Defendant also asserts that any transfer of an interest of the Plaintiff in the property occurred either upon. the issuance and recordation of the deed of trust, more than one year prior to the filing of the bankruptcy petition, or upon issuance of the trustee's deed to the Defendant, which has never occurred. There may be many transfers of interests in property in any real estate transaction, including the two asserted by the Defendant. See *Hulm*, 738 F.2d at 327; *In re Madrid*, 725 F.2d 1197, 1204 concurrence by Farris (9 Cir.1984). Those are not the only transfers that can occur, however, and the foreclosure sale and issuance of a certificate of purchase effected an additional one.

Having concluded that a transfer of an interest in the property of the debtor has occurred, this Court must now decide whether that transfer is such a transfer that is avoidable under 11 U.S.C. § 548. Section 548(d)(1) limits the broad definition of transfer found in 11 U.S.C. § 101(48) by providing:

> For purposes of this section, a transfer is made when such transfer is so perfected that a bona fide purchaser from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest in the property transferred that is superior to the interest in such property of the transferee, but if such transfer is not so perfected before the commencement of the case, such transfer is made immediately before the date of the filing of the petition.

■ Under Colorado law, the public trustee records copies of the notice of election and the certificate of purchase with the county clerk and recorder for the county in which the property is located. §§ 38–37–113, 38–39–115, C.R.S. Section 38–35–109 (1982 Supp.) provides for the filing of instruments affecting title to real property.

A purchaser of real estate has constructive notice of matters of record regarding the title to real property, and if the records indicate the existence of some outside condition which may affect title, a purchaser must investigate the condition, and he is charged with knowledge of the facts which the investigation would reveal. *Delta County Land & Cattle Co. v. Talcott*, 17 Colo.App. 316, 68 P. 985 (1902); *Perkins v. Adams*, 16 Colo.App. 96, 63 P. 792 (1901). Thus, upon the filing of the notice of election and the certificate of purchase, any subsequent purchaser was placed on notice of the pendency of a foreclosure proceeding and could not be a bona fide purchaser from the debtor, and could not acquire an interest in the property superior to that held by the certificate of purchase holder. Therefore, a transfer of a debtor's interest in property pursuant to a foreclosure sale and issuance of a certificate of purchase is so perfected that a bona fide purchaser cannot acquire an interest in the property superior to the interest held by the certificate of purchase holder. See *In re Richardson*, 23 B.R. 434, 446 (Bankr.Utah 1982). Therefore, the transfer of an interest in property of the debtor pursuant to a foreclosure sale and issuance of a certificate of purchase is a transfer within the meaning of 11 U.S.C. § 548, and is subject to avoidance, assuming that all conditions of that section are met.

This Court is aware of concerns expressed by the Defendant in this case and other courts and commentators as to the effect on the mortgage lending industry and the conduct of foreclosure sales in treating a non-collusive foreclosure sale as a fraudulent transfer under the Bankruptcy Code. This Court can merely echo the comments of the Eighth Circuit Court of Appeals, in that

> the Bankruptcy Code provisions are clear ... and direct the result we have reached. Hence, policy considerations cannot affect the outcome in this case, but must be addressed, if at all, by Congress. *In re Hulm*, 738 F.2d at 327.

**837**

WHEREFORE, IT IS ORDERED that the Motion to Dismiss filed by the Defendant is denied and Plaintiff's Complaint to avoid the transfer is set for trial on June 19, 1985, at 8:30 a.m.